# Hooper v. Yonge.

*Petition to Court of Equity for Writ of Assistance by Purchaser of Lands Sold under its Decree.*

1. *Writ of assistance ; jurisdiction of courts of equity to issue.*—A court of equity has authority, both by virtue of its common law jurisdiction and under the express provisions of the statute, to issue writs of assistance or possession, for the purpose of enforcing its orders and decrees; and in the exercise of this power, it can compel the ·delivery of the possession of land sold under its decrees, by any of the parties to the suit, by persons coming into possession *pendente lite*, or by mere naked tresspassers.

2. *Same ; exercise of the authority to issue discretionary.*—But authority to issue writs of assistance is largely discretionary, and will not ordinarily be exercised without application supported by affidavit, showing due service of the decree sought to be enforced, and that it had not been obeyed; and, according to the better practice, notice of the motion for the issuance of the writ should be given to the adverse party.

3. *Same ; when should be refused.*—The remedy afforded by the writ of assistance being summary in its character, the writ should be refused by the court, where a purchaser, seeking its aid to enforce the delivery of the possession of lands purchased by him under the decree of the court, has suffered several years to elapse after his purchase before filing his application for the writ, thus creating the reasonable presumption, that the party in possession holds as tenant of the purchaser, or under other like claim of right, which is not negatived by the averments of the petition, or by any proof.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

On the 11th June, 1875, the Chancery Court of Lee county, in a suit then pending in that court, wherein George D. and George W. Hooper were complainants, and W. C. and M. A. Yonge were defendants, rendered a decree of foreclosure of a mortgage executed by the defendants to the complainants, and ordered a sale of the lands conveyed thereby for the payment of the mortgage debt. On 15th November, 1875, the register sold the lands under the decree, and at the sale the complainants became the purchasers, and thereafter reported the sale to the court, but the defendants resisted the confirmation thereof, and it was not confirmed until 1878. On 15th March, 1882, the purchasers filed their petition, duly verified, setting forth the facts above stated, and averring further, that on 27th October, 1878, W. C. Yonge died; that "Mrs. Mary A. Yonge, the defendant, has continued in the occupancy of said real estate since her husband's death to this time;" that they have postponed

[Hooper v. Yonge.]

legal steps to obtain possession "in consequence of the urgent solicitation of the said deceased, made directly, and of receiving applications, purporting to come from the other defendant, before and after said death;" that during the year 1881, they were informed, for the first time, that the defendant claimed the premises sold to them by the register, "independently of your petitioners;" that the decree under which the sale was made ordered the register to place the purchasers in possession of said real estate, and that on 11th March, 1882, they applied to the register for a writ of assistance for the purpose of obtaining possession, but the register refused to issue it.    No parties are made to the petition, but Mrs. M. A. Yonge, by her solicitor, accepted service thereof.    The prayer of the petition is for an order directing the register to issue the appropriate writ to put them in possession of the real estate so purchased by them. Mrs. Yonge demurred to the petition assigning the following, among other grounds, to-wit:    1. The petition showed that the petitioners had postponed legal steps to obtain possession of the lands in controversy, and allowed the defendant to occupy the same, and that she thereby became a tenant at will.    2. An order of court had never been served on her or made known to her, requiring her to deliver or surrender possession.    3. No notice was given her of the filing of the petition.    4. The petition shows that the decree, to enforce which the assistance of the court is asked, was of long standing, and the court ought not to enforce its decrees rendered years ago in this summary manner.    No proof explanatory of the petitioners' delay in obtaining possession, is in the record.

The chancellor was of the opinion that, after so long a delay, the averments of the petition were defective, and refused to make the order therein prayed for; and his ruling is here assigned as error.

Geo. D. & Geo. W. Hooper, appellants, *pro se*, cited *Creighton v. Paine*, 2 Ala. 158; *Trammel v. Simmons*, 8 Ala. 271; *Kershaw v. Thompson*, 4 Johns. Ch. R. 607.

H. C. Lindsey, *contra*, cited *Schenck v. Conover*, 13 N. J. Eq. Rep. 220; *Barton v. Beatty*, 28 N. J. Eq. Rep. 412; *Vanmeter v. Borden*, 25 *Ib*. 414; *Kershaw v. Thompson*, 4 Johns. Ch. R. 609; *Creighton v. Paine*, 2. Ala. 158; *Trammel v. Simmons*, 8 Ala. 271; *Devaucene v. Devaucene*, 1 Edw. p. 272; *Blauvelt v. Smith*, 22 N. J. Eq. Rep. 31.

SOMERVILLE, J.—Courts of chancery have authority, both by their common law jurisdiction and under the express provisions of the statute, to issue writs of assistance, or possession, for

[Lehman, Durr & Co. v. Shook.]

the purpose of enforcing their decrees or orders, and in the exercise of this power, they can compel the delivery of personal property, or the possession of land, by any of the parties to the suit, by persons coming into posession *pendente lite*, or by mere naked tresspassers.—*Johnson & Seats v. Taylor*, at present term; Code, 1876, § 3906; *Trammel v. Simmons*, 8 Ala. 271; *Creighton v. Paine*, 2 Ala. 158.

But this right is largely discretionary, and will not ordinarily be exercised without application supported by affidavit, showing due service of the decree or order of the court sought to be enforced, and that it has not been obeyed; and, according to the better practice, *notice* of the motion requesting the issue of the writ should be given to the adverse party.—*Creighton v. Paine, supra; Devaucene v. Devaucene*, 1 Edw. (N. Y.) 272; 2 Daniell's Ch. Prac. 1062–63; *Thompson v. Campbell*, 57 Ala. 183.

So it is plain, that, being summary in its character, the writ should be refused by the court when the purchaser, seeking the aid of it to enforce his possession, has been guilty of such delay as to leave it doubtful whether or not he has given to the person in possession the right to remain. The rule, in other words, is to refuse the writ except in clear cases.—2 Dan. Ch. Pr. (5th Ed.) 1063, note 3; *Barton v. Beatty*, 28 N. J. Eq. Rep. 412; *Kershaw v. Thompson*, 4 Johns. Ch. Rep. 609.

The petitioners in this case have allowed between six and seven years to elapse from the day of their purchase of the lands in controversy to the date of filing the application. The reasonable presumption in such a case is, that the party in possession holds as a tenant of the purchaser, or under other like claim of right. This is not negatived by the petition or by any proof, and on this ground we are of opinion that the chancellor did not err in refusing the relief prayed.

Affirmed.