# Wiggins v. Steiner *et al.*

*Application to vacate Judgment rendered in an Action of Ejectment.*

1. *Amending or setting aside judgment after the expiration of term* — A court of record has no power to alter, vary or annul its judgments or decrees after the expiration of the term at which they were rendered, except for the correction of mere clerical errors or omissions, which are apparent from the record; but where the judgment or

[Wiggins v. Steiner *et al.*]

decree is void upon its face, it may be vacated and set aside at a subsequent term, on the application of a party having rights and interests immediately involved.

2. *Judgment in ejectment suit; not vacated because it fails to designate the county or district in which the land recovered is situated.*—Where, on an application to vacate a judgment rendered in an action of ejectment, on the ground that it is void upon its face for the failure to designate the county or district in which the land recovered is situated, and the judgment, which is set out in the petition, recites "that the plaintiff recover of the defendant the lands sued for," &c., but the complaint in said ejectment suit is not set forth in the petition, such judgment can not be pronounced void on its face; and, therefore, should not be vacated on application made at a subsequent term after its rendition.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The present appeal is prosecuted from a judgment of the circuit court refusing to grant a petition of the appellant to set aside and annul a judgment recovered by the appellees in an action of ejectment against the appellant, and also to vacate and set aside the writ of possession issued upon said judgment. The facts of the case are sufficiently stated in the opinion.

GAMBLE & POWELL, for appellant.—The judgment is void on its face for failure to designate the county or district in which the land recovered by the plaintiff is situated. The court judicially knows that there are two bodies of land lying in the State of Alabama answering the description contained in the judgment. The ambiguity in the judgment entry is patent, rendering the judgment void on its face, which justifies its vacation at a subsequent term.—*Black v. Pratt C. & C. Co.*, 85 Ala. 504; *Long v. Pace*, 42 Ala. 495; *Com. Court of Russell v. Turver*, 25 Ala. 480; 2 Brick. Dig. 140, §§ 137 *et seq.*; 3 Brick. Dig. 584, § 124 and authorities cited.

J. C. RICHARDSON, *contra*—There is no pretense in the petition that the petitioner has a meritorious defense to the action of ejectment, and without a meritorious defense, shown in the petition, he would have no right to have the judgment set aside.—*Ex parte Carroll*, 50 Ala. 9; *Martin v. Hudson*, 52 Ala. 279; *Ex parte Wallace*, 60 Ala. 267.

[Wiggins v. Steiner *et al.*]

COLEMAN, J.—At the June term, 1892, of the circuit court of Butler county, Steiner & Co., appellees, recovered a judgment in ejectment against Wiggins, the appellant; and in May, 1893, the clerk issued a writ of possession commanding the sheriff to put the plaintiffs in possession of the land. Thereupon the appellant, Wiggins, who was the defendant in the ejectment suit, filed a petition in the circuit court, and prayed the court to set aside and annul the judgment in ejectment, and also the writ of possession issued by the clerk. At the Spring term of the court, upon motion of 'the appellees, the petition was denied, and stricken from the file. All the grounds except one, upon which the petition was predicated required extrinsic proof—facts dehors the record—to sustain them. The law is well settled that a court is without power to alter, or annul final judgments or decrees after the close of the term at which they were rendered, except as to mere clerical errors or omissions. It is equally well settled that a court at any subsequent term, may make an order vacating and annulling a judgment or decree void upon its face.—*Buchanan v. Thomason*, 70 Ala. 402; *Carlisle v. Killibrew*, 89 Ala. 329; *Baker v. Barclift*, 76 Ala. 417; *Kohn v. Haas*, 95 Ala. 478.

One of the grounds stated in the petition is, that the judgment in the ejectment suit which the petition purported to set out, was void upon its face. The judgment as shown in the petition, after stating the case and character of the action, is as follows: "Came the parties by attorneys, and issue being joined thereupon came a jury of good and lawful men, to-wit, M. A. Kay and eleven others, who being duly sworn and empanelled on their oaths do say, we the jury find for the plaintiff for the lands sued for. It is, therefore, considered by the court that the plaintiff recover of the defendant the lands sued for, to-wit: E. ½ of S. E. ¼ & S. W. ¼ of S. E. ¼ & S. E. ¼ of S. W. ¼, section 26, township 7, range 13, for which let writ of possession issue." The precise objection to the judgment is, that it fails to designate the county or district in which the land is situated, and that the court must take judicial knowledge, that there are two bodies of land lying in the State of Alabama, answering the description contained in the judgment, one lying west of the Huntsville Meridian and the other

42

east of the St. Stephens Meridian, the one in Franklin county and the other in Butler county, where the judgment was recovered. We have been referred to the cases of *Long v. Pace*, 42 Ala. 495, and *Commissioners Court v. Russell*, 25 Ala. 481, as sustaining the proposition. These two cases were commented on in the case of *Chambers v. Ringstaff*, 69 Ala. 140, and the rules declared in the two preceding cases are modified in their application. The judgment recites that "issue was joined." The presumption is that the issue was joined upon the general issue, or plea of "not guilty," which is an admission that the defendant was in possession of the lands sued for. The complaint in the ejectment suit is not set out in the petition. The judgment recites that the plaintiff recovered the lands sued for, to-wit, &c. We cannot say the complaint did not describe the county or district in which the lands were situated. If so, the verdict of the jury would be referred to the complaint, and on motion could be amended at any time *nunc pro tunc*, so as to correspond with the complaint. That such an amendment would be proper, was held in *Taylor v. Harwell*, 65 Ala. 1, 15.

It may be that the complaint conformed to the rule laid down in *Chambers v. Ringstaff, supra*, and by proper averments described the lands sued for with sufficient precision. We must presume that proper averments and proof, were made, to authorize the verdict and judgment of the court. We cannot say the judgment is void on its face. Not being void the court did not err in striking the petition from the file.

Affirmed.