# Goodwin v. Forman *et al.*

### *Statutory Action of Ejectment.*

1. *Ejectment; insufficiency of complaint; description of property.*—In a statutory action of ejectment, where by the averments of the complaint "the plaintiff sues to recover possession of the following tract of land: reserving and excepting the lands and mineral rights and rights of way heretofore sold to Sloss Furnace Company * * *, and also the right of way to" another company, "and also excepting all mineral and mining privileges heretofore sold to St. Clair Mineral and Mining Company in the following described land," and there then follows an attempted description of land by giving the parts of the section, the number of the section, township and range, the range being "east," without naming the State or county or counties within which the lands were situate, and without designating whether the land is "east" of the St. Stephens or Huntsville meridian, "and also excepting the lands heretofore sold" to certain parties, not designating the extent of the exception of the lands sold to such parties, further than that they were in "township 14, range 2, east,"—such complaint is insufficient in the identification of the lands sued for, and is incapable of supporting a judgment.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

This was a statutory action of ejectment, brought by the appellant against the appellees. Under the opinion in this case, it is unnecessary to make a detailed statement of facts.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JAMES T. GREENE, J. P. MONTGOMERY, M. M. SMITH, CHARLES G. BROWN and E. J. ROBINSON, for appellant.

W. C. WARD, *contra.*—1. The complaint shows no cause of action. The demurrer is discussed merely to show the complaint does not show a traversable issue. Can the court determine what lands are sued for in the complaint? For what lands described in the complaint and by what description could a judgment for the plaintiff have been rendered?—*Tenn. & Coosa R. R. Co. v. East Ala. R. Co.*, 75 Ala. 516; *Jinkins v. Noel*, 3 Stew. 60; *Sturdevant v. Heirs of Murrell*, 8 Port. 317. The court will observe that neither the county nor State in which the lands sued for are situated is mentioned. Sedgwick and Wait on Trial of Title, § 457. In *Leary v. Langsdale*, 35 Ind. 74, it was held, "That a complaint in ejectment was fatally defective which did not disclose the county or State in which the lands were situated, and that the defect was not cured by answer."—*Alexander v. Wheeler*, 69 Ala. 342; *Carlisle v. Killebrew*, 91 Ala. 352. There was nothing in the complaint to show that the circuit court had jurisdiction of the land sued for.—Code of 1886, § 2640; Sedgwick and Wait's Trial Title, § 465.

2. It has long been a rule of practice that the plaintiff must by his complaint show he has a cause of action, and such a complaint as this does not show a cause of action. Where the pleading shows that the appellant was not entitled to recover, the court will not consider his assignments of error.—*Smith v. Huckabee*, 53 Ala. 191.

McCLELLAN, J.—This is an action of statutory ejectment prosecuted by Margaret E. Goodwin against William S. Forman and B. M. Hill. The complaint is as follows: "The plaintiff sues to recover possession of the following tract of land: Reserving and excepting the lands and mineral rights and rights of way heretofore sold to Sloss Furnace Company, which said sale is matter of record, and also the right of way to the Caskey Cherry Company, which said sale is also a matter of record, and also excepting all mineral and mining privileges heretofore sold to St. Clair Mineral and Mining Company in the following described land, to-wit: All that part of the S. W. ¼ of the S. W. ¼ of section 13, township 14, range 2 east, which lies north of the public road which passes over said land, supposed to be twenty acres more or less, also the N. W. ¼ of S. W. ¼ of section

[Goodwin v. Forman *et al.*]

13, township 14, range 2 east, and N. W. ¼ of N. W. ¼ of section 18, township 14, range 3 east, said interest consisting of 20 acres contained in the above described N. W. ¼ of N. W. ¼ of section 18, township 14, range 3 east, and as yet being surveyed, but being the west half of said 40 acres, and the S. E. ¼ of S. E. ¼ of section 12, township 14, range 2 east, and the W. ½ of N. W. ¼ and the N. ½ of S. W. ¼ of section 18, township 14, range 3 east, also the N. W. ¼ and the east half of the N. E. ¼ and W. ½ of the N. E. ¼, section 13, and S. W. ¼ and W. ½ of S. E. ¼ and S. W. ¼ of N. W. ¼ of section 12, all in township 14, range 2 east, except three acres where Pleasant Hill church stands, and also excepting the lands heretofore sold James Golding and William Hollenark off of the above lands and described as follows, viz.: Commencing where the north boundary line crosses what is called the Walker branch, and running north of west to the top of the ridge (and the top of the ridge being an agreed line between Thomason, Golding and Hollenark), and thence to Bolling Coxe's line, and which said lands are the lands known as the Morris mill tract, on the waters of Canoe Creek in said county, and being the lands deeded to F. M. Thomason by E. G. Morris and his wife, J. G. Morris and his wife, Sims and wife, and Benjamin Jones and his wife, to said F. M. Thomason, with the exceptions and reservations hereinbefore mentioned and described, of which she was in possession, and upon which pending such possession and before the commencement of this suit the defendants entered and unlawfully withhold the same, together with $2,500 for the detention thereof."

The infirmities of this complaint in respect of the identification of the land sued for are obvious. In the first place, it is not made to appear whether the land is east of the St. Stephens or the Huntsville meridian; and, of consequence, it may as well be in Marengo as in St. Clair county, if indeed it is anywhere in Alabama. Then it is altogether uncertain as to the extent of the exception of lands sold to Golding and Hollenark further than that such lands are in township 14, range 2 east. And, finally, the complaint is utterly emasculated in respect of requisite certainty by the reservation or exception therein out of the gross tract of "lands heretofore sold to the Sloss Furnace Company," and thereby

rendered not only objectionable on demurrer, but so lacking in the statement of a cause of action as to be incapable of supporting a judgment. In substance and effect—leaving the insufficiency of description in other respects out of view—the suit is to recover an entirely uncertain and indeterminate, and, from the complaint, unascertainable and undeterminable part, and only such part of a certain tract of land; and the complaint does not advise the defendant what is claimed of him, nor the court for what it is asked to render judgment, nor the sheriff, after judgment, what property he had to deal with. Any judgment for the plaintiff upon the complaint would be unauthorized and invalid.—*Sturdevant v. Murrell's Heir's*, 8 Port. 317; *Jinkins v. Noel*, 3 Stew. 60; *Long v. Pace*, 42 Ala. 495; *T. & C. R. R. Co. v. E. A. R'y Co.*, 75 Ala. 516; *Chambers v. Ringstaff*, 69 Ala. 140; *Alexander v. Wheeler*, 69 Ala. 332; *Wiggins v. Steiner*, 103 Ala. 655.

Since no judgment could have been rendered for the plaintiff, it follows, notwithstanding errors may have been committed on the trial against the plaintiff, that the judgment for the defendants must be affirmed.

Affirmed.