# *Ex parte* Forman.

## *Application for Mandamus.*

1. *Writ of assistance; when should be refused.*—The remedy afforded by the writ of assistance being summary in its character, an *alias* writ should be refused by the court where the purchaser, seeking its aid to enforce the delivery of the possession of land purchased by him under. a decree of the court, has suffered several years to elapse after his purchase and after the original writ of assistance issued to place him in possession has been returned executed, before filing his application for the *alias* writ. This is especially true when the petition asking for the *alias* writ does not negative the presumption arising from the delay, that the party in possession holds as tenant of the purchaser or under some claim of right.

This was an original application for *mandamus*, filed in the Supreme Court, asking that a writ of *mandamus* be directed to Hon. W. L. Parks, chancellor of the southeastern chancery division, commanding him to make an order asked for by petitioner in a petition directed to said chancellor.

The petitioner, George M. Forman, filed his petition, addressed to Wm. L. Parks, chancellor of the southeastern chancery division. In this petition it was averred that in a suit pending between one Thos. R. McCarty and the Loan Company of Alabama and others, there was a decree rendered ordering the sale of lands owned by Thos. R. McCarty; that in this decree it was ordered that the register place the purchaser in possession of said lands, and if necessary to order the writ of assistance. That at the sale by the register the present petitioner became the purchaser of said lands, and a deed was made to him by the register, which was duly recorded in the office of the probate judge of Dale county. This petitioner, as such purchaser, applied for and obtained from the register a writ of assistance, which was issued on

October 7, 1896, and was executed on said day; that this writ was executed by posting notice in two public places upon said lands, the said Thos. R. McCarty not being found by the sheriff; that notwithstanding said writ of assistance, Thos. R. McCarty has, since said time, entered in possession of said lands and exercises acts of ownership over them, and that the petitioner has not enjoyed the posession of said lands.

The prayer of the petition was that the chancellor make an order requiring said McCarty to show cause why he should not be adjudged in contempt of court, and why the *alias* writ of assistance should not issue in favor of the petitioner, and that at the hearing said McCarty be adjudged guilty of contempt, and that if necessary an *alias* writ of assistance should issue in favor of the petitioner. This petition was filed on October 7, 1896, and was accompanied by an affidavit as to the truth of the facts therein stated.

The chancellor refused to make said order, and dismissed the petition. Thereupon the petitioner filed the present application in this court asking for a writ of *mandamus* to compel the chancellor to make the order asked for.

Hugh Nelson, for appellant, cited 16 Encyc. of Pl. & Pr. 758; *Wiley v. Carlisle,* 93 Ala. 237; *Rousset v. Reay,* 31 Pac. Rep. 900.

No counsel marked as appearing for respondent.

HARALSON, J.—1. The defendant could not, on the facts presented, be held guilty of a contempt for a disobedience to the orders of the court. It is not shown that he knew, or ever heard of the issuance of the writ of assistance in the case referred to, or that Geo. M. Forman, who applies for this writ, ever was put in possession of said premises under said writ of assistance. The plaintiff practically abandons this feature of his case, saying by counsel in brief filed: "All that is asked for here, is an order for the defendant to show cause, if he has any excuse, for his having re-entered" the premises, into the possession of which, it is claimed plaintiff was placed by the sheriff under said writ of assistance.

2.   Nor is the plaintiff in any better attitude before the court on the other theory of his application, seeking a second writ of assistance from the chancery court. It may be fairly questioned under the authorities, whether an *alias* can be issued after a writ of assistance has been once returned executed, on the ground, that by the execution and return of the original writ, the plaintiff is put in possession of the premises recovered, and the judgment or decree is satisfied, and the court in which it was rendered loses control of the same.—16 Ency. Pl. & Pr., 758, and authorities there cited.

In *Hooper v. Young,* 69 Ala. 484, the petitioners had allowed between six and seven years to elapse from the day of their purchase of the lands in controversy to the date of the filing of the application. The court held that they were not entitled to it on the ground that the reasonable presumption in such case is, that the party in possession holds as tenant of the purchaser, or under other like claim of right. The stating that the right to the writ being largely discretionary with the court, said : "It is plain, that, being summary in its character, the writ should be refused by the court when the purchaser, seeking the aid of it to enforce his possession, has been guilty of such delay as to leave it doubtful whether or not he has given to the person in possession the right to remain. The rule in other words is, to refuse the writ except in clear cases." In such a case the question is : "Has the person in possession a right to hold the land by matter arising subsequent to the sale? and not, Is a writ of assistance necessary to the complete enforcement of the decree? That question must be tried in another tribunal." Under its color a question of legal title will not be tried or decided.—*Barton v. Beaty,* 28 N. J. Eq. 412; 2 Dan. Ch. Pr. 1063, n. 3.

Here, the sale was made on the 1st July, 1895. A writ of assistance was issued by the register of the court, on the 7th October, 1896, which was returned by the sheriff on the same day, as having been executed "by putting C. D. Carmichael, Agt. for Geo. M. Forman into the possession of the Thos. R. McCarty land." Whether said McCarty knew of the alleged execution of said writ is not shown, and that said McCarty is not the tenant

of the plaintiff, or that he does not hold under some other like claim of right, is not negatived by the petition or by the proof. This application to the chancellor for a second writ was not made until the 15th May, 1901, nearly five years after the foreclosure decree, and more than four years after the issuance of the first writ. We are unwilling under the facts disclosed to put the chancellor in error in the exercise of his discretion to refuse the relief sought, and in leaving plaintiff to seek relief, if he is entitled to any, in another tribunal.

*Mandamus* denied.