# Leach, *et al. v.* Rosebrook.

*Decree of Chancellor Quashing Writ of Possession.*

(Decided May 12, 1910. 52 South. 521.)

1. *Summary Proceedings; Writ of Assistance or of Possession.*— The writ of assistance or of possession being summary in its character should be refused except in clear cases.

2. *Judgment; Conclusiveness.*—Where one holds possession of land under a judgment of a court of competent jurisdiction, and another claims by right of purchase under a decree of sale their ultimate rights are not to be determined on an application for a summary writ, but must be determined in a suit at law or in equity to be set on foot by due process.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Controversy between Noel C. Leach and others, and Fred Rosebrook. From an order quashing a writ of possession on appeal to the chancellor and ordering that Rosebrook be restored to the possession, Leach and others appeal. Affirmed.

HOWARD & HUNT, for appellant. The return of the sheriff is only prima facie evidence of its truth, and it can be overcome by satisfactory proof.—8 A. & E. Enc. of Pr. 447. It is the duty of the sheriff to enter upon the permises, and take possession of the same and deliver peaceable possession to the plaintiff.—7 Enc. P. & P. 354. With this action pending the possession of Baker could not be a peaceable one.—*Rosebrook v. Baker,* 151 Ala.; see also, *Montgomery v. Gaines,* 14 Ill. 373; 17 Cyc. 1394; Sedgwick & Waite on Trial & Title to Land, secs. 552 and 553. The Register had a right to issue the writ without an order.—Rule 26, Ch. Ct. Pr.

[Leach, et al. v. Rosebrook.]

WILKERSON & WILKERSON, for appellee. The questions here presented must be tried in another tribunal. —*Ex parte Foreman*, 130 Ala. 280. The reasonable presumption is in a case of this kind that the party in possession holds as tenant of the purchaser or under like claim of right, and the mere lapse of time would operate to defeat the rights of appellant to ask for a writ of assistance.—*Hooper v. Young*, 69 Ala. 484. An alias writ of assistance cannot be used to dispossess a person holding by virtue of a judgment rendered by a court of competent jurisdiction.—*Wilcy v. Carwile*, 93 Ala. 237.

SAYRE, J.—In May, 1903, appellants had a decree in the chancery court of DeKalb foreclosing against appellee a mortgage on an 80-acre tract of land. At the sale which followed Baker became the purchaser. June 28, 1906, the sheriff returned a writ of habere facias possessionem as executed by placing Baker in possession. Meanwhile Rosebrook had commenced action of forcible entry and detainer against Baker and one Neal, who had acquired possession in a way which is not made to appear. This action was removed to the circuit court, where, on February 18, 1909, Rosebrook recovered judgment for the land in controversy. March 5, 1909, a writ of possession from the circuit court was executed by dispossessing Baker and putting Rosebrook into possession. On the same day Rosebrook was again ousted and Baker restored to possession under an alias writ issued by the register in chancery. The register entertained a motion to quash the last writ, overruling the motion. On appeal the chancellor quashed the writ, and ordered that possession be restored to Rosebrook. From the chancellor's order this appeal is taken.

It is not important to consider what went before the decree quashing the writ from the chancery court, for in

the exercise of its power to prevent abuse of its process, as well as to enforce its decrees, the court was authorized to make the order or decree, and we are concerned only to know whether it was rightly made in view of the status then existing. The statute authorizing the removal of forcible entry and detainer cases to the circuit court provides that on the trial of causes so removed the plaintiff must recover on the strength of his legal title as in ejectment, unless he can prove that the defendant entered under some contract or agreement with plaintiff. It results from this frame of the statute that it may not be known whether plaintiff recovered in the circuit court on the strength of his legal title or on a mere right to possession. That, however, may not be of consequence here, for it was determined in the circuit court, and that subsequent to the decree of sale in the chancery court and the writ issued thereunder, that Rosebrook was entitled to possession. Possession was accordingly delivered to him. In *Hooper v. Yonge,* 69 Ala. 484, it was said that the remedy afforded by the writ of assistance, or possession, being summary in its character, the writ should be refused when the purchaser has been guilty of such delay as to leave it doubtful whether or not he has given to the person in possession the right to remain. The rule, in other words, is to refuse the writ, except in clear cases. In the case at bar it does not appear that complainants, or the purchaser under their decree, have been guilty of any laches.

But another obstacle stands in the way. Rosebrook holds possession under the judgment of a court of competent jurisdiction, rendered subsequent to the possession or right of possession acquired by his adversary under the sale decreed by the chancery court. It is evident that the possession of this land is not to be bandied back and forth between the parties as here shown.

Equally clear it is that their ultimate rights are not to be determined on an application for a summary writ. The chancellor, by quashing the writ which had issued from the chancery court, properly left the parties in the position to which they had been assigned by the judgment of the circuit court postdating the chancery decree. If there are reasons of judicial cognizance why that status does not coincide with the legal or equitable rights of the parties as they now are, that consideration must be given effect in a suit at law or in equity, to be set on foot by due process.—*Ex parte Forman,* 130 Ala. 278, 30 South. 480.

The order of the chancery court will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.