(104 So. 802)

## SEXTON et al. v. HARPER & MAYFIELD et al. (6 Div. 179.)

(Supreme Court of Alabama. June 11, 1925.)

1. **Mortgages ⊚⇒544(4)—Court has inherent power in mortgage foreclosure decree to direct issuance of writ of possession.**

On decree of foreclosure and sale of lands under mortgage, courts of equity have inherent power to direct, by decree, issuance of writ of possession to put purchaser in possession, as delivery of possession is incident to and in consummation of foreclosure proceedings.

2. **Mortgages ⊚⇒544(4)—Confirmation of decree of mortgage foreclosure sale consummates proceedings.**

Though decree of mortgage foreclosure sale was interlocutory until sale was confirmed, and writ of possession issued prior to confirmation premature, decree of sale became final on decree of confirmation, and such confirmation consummates proceedings, which until then are in fieri.

3. **Mortgages ⊚⇒544(4)—Writ of possession, issued pursuant to direction in decree of mortgage foreclosure sale, cannot be quashed at suit of respondent.**

Where mortgage foreclosure sale was duly recorded and confirmed, and proceedings affirmed on appeal, writ of possession, issued pursuant to direction in decree of sale, and repeated in decree of confirmation, cannot be quashed at suit of respondent, on ground that it purports to be issued pursuant to decree of sale rather than decree of confirmation.

4. **Mortgages ⊚⇒544(4)—Error, if any, in directing issuance of writ of possession before confirmation cured by confirmation prior to issuance of writ.**

Error, if any, in incorporating in decree of mortgage foreclosure sale an order for writ of possession, to be issued before confirmation, was cured by decree of confirmation prior to issuance of writ of possession.

5. **Mortgages ⊚⇒544(4)—Errors in mortgage foreclosure sale decree cannot be raised on motion to quash writ of possession.**

The remedy for errors in decree of foreclosure and sale of lands under mortgage is an appeal therefrom, and they cannot be raised on motion to quash writ of possession, issued after decree has passed beyond control of court.

6. **Mortgages ⊚⇒544(3)—Practice of requiring petition for writ of assistance on notice not applicable to parties to record.**

The practice of requiring petition for writ of assistance on proper notice does not apply to parties to record.

7. **Mortgages ⊚⇒544(3)—No occasion for writ of assistance when decree entered directs issuance of writ of possession.**

There is no necessity for petition for writ of assistance when decree already entered directed issuance of writ of possession, which was issued promptly after disposition of cause on appeal, for purpose of dispossessing parties to suit.

8. **Mortgages ⊚⇒544(4)—Writ of possession not quashed unless purchaser not entitled to have movant dispossessed.**

A writ of possession whose issuance is irregular merely for want of petition and hearing will not be quashed, unless motion therefor shows purchaser is not entitled to have movant dispossessed under writ.

9. **Mortgages ⊚⇒544(4) — Writ of possession not available to evict third persons not entering in manner as to be bound by decree.**

In view of Code 1923, § 6650, writ of possession cannot be made to serve purposes of writ in ejectment against third persons, not entering in such manner as to be bound by decree, but such facts should be set up as ground for motion to quash writ.

Appeal from Circuit Court, Tuscaloosa County; S. H. Sprott, Special Judge.

Bill in equity by Harper & Mayfield and others against Mollie Sexton and another. From a decree overruling a petition to quash the writ of possession, respondents appeal. Affirmed.

Wm. M. Adams, of Tuscaloosa, and F. F. Windham, of Birmingham, for appellants.

The purchaser at register's sale should have first demanded possession, and upon failure of surrender should have filed petition for writ of assistance or possession. Creighton v. Paine, 2 Ala. 158. No alias writ of possession is permissible under the practice of this state. Ex parte Forman, 130 Ala. 278, 30 So. 480. The writ of possession being a summary remedy, petition for its issuance should have been filed by the purchaser and citation issued to appellant. The purchaser after his purchase became a party to the record. Bethea v. Bethea, 139 Ala. 505, 35 So. 1014; Hooper v. Yonge, 69 Ala. 484.

Jones, Jones & Van De Graaff, of Tuscaloosa, for appellees.

There was no error in overruling appellant's motion to quash. Cooper v. Cloud, 194 Ala. 449, 69 So. 928; Code 1907, § 3217.

BOULDIN, J. [1] Courts of equity have the inherent power, upon a decree of foreclosure and sale of lands under mortgage, to direct by decree the issuance of a proper writ of possession to put the purchaser in possession. Delivery of possession of the property is an incident to, and in consummation of, the foreclosure proceeding.

[2] Granting, for the purposes of this case, that the decree of sale was interlocutory until the sale was confirmed, and a writ of possession issued prior to confirmation would have been premature, the decree of sale became final upon the decree of confirmation. Confirmation of the report of sale made pursuant to a decree consummates the proceedings, which, until then, are in fieri.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Where, as in the case at bar, the sale has been duly reported and confirmed by proper decree, and the proceedings affirmed on appeal (Sexton v. Harper, 210 Ala. 691, 99 So. 89), a writ of possession, issued pursuant to direction in the decree of sale, and repeated in the decree of confirmation, cannot be quashed at the suit of a respondent in the suit upon the ground that it purports to be issued pursuant to the decree of sale, rather than the decree of confirmation.

[4, 5] If it was error to incorporate in the decree of sale an order for the writ of possession to be issued before confirmation, such error was cured by the decree of confirmation prior to the issuance of the writ of possession. Moreover, for errors in the decree, the remedy was on appeal therefrom, and they cannot be raised on motion to quash the writ issued, as therein directed, after the decree has passed beyond the control of the court.

[6, 7] The approved practice of requiring a petition for a writ of assistance on proper notice in cases where it is sought to dispossess persons not parties to the suit, but alleged to have entered pendente lite, or to be in such privity with the parties as to be subject to ouster under the writ, does not apply to the parties to the record. As of course, there can be no occasion for such petition when the decree already entered directs the issuance of the writ of possession. While the rule is different in cases where a writ of possession is asked after such long lapse of time that a reasonable presumption has arisen in favor of the rightful possession of the person sought to be dispossessed, there is no necessity for a petition and hearing, when issued promptly after the disposition of the cause on appeal for the purpose of dispossessing parties to the suit.

[8, 9] Moreover, a writ of possession, whose issuance is irregular merely for want of a petition and hearing, will not be quashed unless the motion therefor shows the purchaser is not entitled to have the movant dispossessed under the writ. A writ of possession cannot be made to serve the purposes of a writ in ejectment against third persons not entering in such manner as to be bound by the decree, but such fact should be set up as ground for the motion to quash the writ. Code 1923, § 6650 (3217); Cooper v. Cloud, 194 Ala. 449, 69 So. 928; Creighton v. Paine, 2 Ala. 158; Thompson v. Campbell, 57 Ala. 183; Hooper v. Yonge, 69 Ala. 484; Ex parte Forman, 130 Ala. 278, 30 So. 480; Bethea v. Bethea, 139 Ala. 505, 35 So. 1014.

Here the motion is by a party to the suit to quash a writ of possession, issued to place the purchaser in possession, and in pursuance to the decree of the court. It sets up no good reason why the purchaser should not have possession, but is rested upon the ground that the writ purports to be issued under the decree of sale, and there was no petition and notice before it was issued.

The motion was properly denied.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.