15 So.2d 462

## CHANDLER v. PRICE.
### 8 Div. 203.

Supreme Court of Alabama.

Oct. 28, 1943.

Wm. C. Rayburn, of Guntersville, for appellant.

T. Harvey Wright, of Guntersville, for appellee.

FOSTER, Justice.

This is an appeal from a decree denying a motion to set aside an order of the court ordering a writ of possession commanding the sheriff to put complainant in possession of property she had bought under a decree of the court in that cause, whereby the court declared a lien in her favor on a certain house, said to be situated on complainant's land, and decreed a sale of the house.

The appeal from such a decree is justified by section 754, Title 7, Code of 1940. Griffin v. Proctor, ante, p. 537, 14 So. 2d 116; see, also, Rule 62, Equity Practice, Code 1940, Tit. 7 Appendix.

There were two final decrees rendered in the case. One on December 2, 1941, adjudging the existence of a lien in favor of the complainant, and ordering the register to sell the property for its enforcement. The register made report of sale, which was confirmed January 3, 1942.

The petition to set aside the order for a writ of possession undertook to set up excuses why he did not defend the cause and permitted a decree pro confesso to be rendered, and a final decree as we have stated. And to submit a meritorious defense he alleged that he did not owe complainant any amount as claimed in the complaint. This petition was filed more than thirty days after the decree of January 3, 1942. It did not seek in terms to set aside that decree, but impliedly so. It was too late to have it done under Rule 62, Equity Practice, but not if it was void on its face, as we will show. The petition is not addressed to matters occurring after the final decree of confirmation of sale or after the decree ordering the sale. The issuance of the writ of possession followed as a matter of course, unless cause to the contrary was made to appear. And if such cause related to the merits of the original controversy, it was in the nature of a motion for a new trial under Rule 62, supra. Sexton v. Harper & Mayfield, 213 Ala. 308, 104 So. 802.

It was evidently so regarded by the court as he declined to entertain it because of the lapse of more than thirty days before it was filed.

But the argument of counsel for appellant raises the further question, impliedly referred to in the motion, that there is no equity in the bill, and that the decree based on it is void. Bearing on that contention, we will now refer to certain established principles.

When a complaint is not sufficient to state a cause of action, the judgment may be vacated on motion at any later time on the application of a party affected. Johnson v. Johnson's Adm'r, 40 Ala. 247; Buchanan v. Thomason, 70 Ala. 401; Wiggins v. Steiner, 103 Ala. 655, 16 So. 8; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; State ex rel. St. Peter's M. Baptist Church v. Smith, 215 Ala. 449, 111 So. 28. It also may be reversed on appeal. Louisville & N. R. Co. v. Williams, 113 Ala. 402, 21 So. 938; Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46; Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548 (5), 184 So. 275; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399, and this is also the rule in equity. Jasper v. Eddins, 208 Ala. 431, 94 So. 516; National B. & L. Ass'n v. Ballard, 126 Ala. 155, 27 So. 971.

But no judgment can be set aside for insufficiency of averment if no previous objection was made to it, if the complaint contains a substantial cause of action. Section 570, Title 7, Code of 1940.

To this should be added the further principle that the judgment must be responsive to the cause of action alleged. Hall v. First Bank of Crossville, 196 Ala. 627(9), 72 So. 171; Kirkland v. Pilcher, supra; 33 Corpus Juris 1139, section 87.

It is sometimes also said that if the complaint is fatally insufficient it is incapable of supporting a judgment. Agee v. Agee's Cash Store, 211 Ala. 422(6), 100 So. 809; Central of Georgia R. Co. v. Carlock, 196 Ala. 659(2), 72 So. 261; Goodwin v. Forman, 114 Ala. 489, 21 So. 946. Whether this would be so on collateral attack is not there declared. Whereas it is said in 33 Corpus Juris 1133, section 81, that such a judgment would be erroneous and reversible but not void, and not subject to collateral attack. To the same effect is 34 Corpus Juris 560, section 860.

When a court is exercising special or limited jurisdiction, a judgment is void on collateral attack, when the complaint does not allege jurisdictional matter. 34 C.J. 544; Alford v. Claborne, 229 Ala. 401, 157 So. 226; Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105.

The attack here being made is collateral. The court of equity undertook to enforce a statutory lien. Sections 1 and 48, Title 33, Code 1940.

It is immaterial whether in doing so the court is exercising its general jurisdiction to enforce liens or a special limited jurisdiction under the statute. Because we think, as we will show, that the complaint is sufficient to challenge the attention of the court to the merits of the cause of complaint, and states enough to confer jurisdiction upon the court to that end.

The bill of complaint alleges that complainant rented to respondent land, and that the ground rent was $150; that defendant was the owner of a house on adjacent land which he had purchased from the T. V. A. and applied to complainant for permission to move it on her land, which he then rented as thus stated. That she consented and he moved the house on

her land, and used the premises, but paid no ground rent. It then alleges, "(IV) Complainant further shows that defendant in moving said house from said premises of the said Authority to the land of complainant, incurred a large indebtedness to the workmen for labor expended in the removal of said house, to-wit: $300.00, which the complainant at the request of defendant has paid, and that your complainant did thereby become the equitable owner of the liens against said house, which defendant has failed to pay and that the same is now due." And "(V) That complainant has a lien against the house of defendant for the ground rent of her premises and for all sums of money paid by her at request of defendant in and about the removal of said house to complainant's property, and is entitled to have the amounts thereof judicially determined and declared to be a lien against said house, and to have the same sold under orders of this court for the satisfaction of the same."

We may agree that both claims of a lien are insufficient on demurrer, but they set forth a cause of action, within the jurisdiction of the court, sufficient to invoke its powers.

As to paragraph IV, supra, there is no such lien other than one which is statutory. Emanuel v. Underwood Coal & Supply Co., ante, p. 436, 14 So.2d 151, and cases cited. The bill does not set up the facts which sustain the existence of a statutory lien. But the enforcement of such a lien is sought, and it is within the jurisdiction of a court of equity (sections 1 and 48, Title 33, Code of 1940), and no question as to its sufficiency was raised before final decree, and then only on collateral attack.

 Paragraph V, supra, seems to rest on section 15, Title 31, Code of 1940, giving a lien to the landlord of rented land, and asserts an equitable claim of right to enforce a landlord's lien. The lien asserted in the statute is not only for rent but also for advances for various causes, including "the sustenance or well-being of the tenant or his family," and extends not only to the crops grown on the land, but to "all property purchased with money advanced."

The bill must be taken most strongly in favor of complainant on such an attack. It may be that the house was moved on her land by the tenant for use by the family while a tenant, and was then to be moved off. It could be therefore for his sustenance and well being as a tenant. While the original purchase money of the house is not alleged to have been advanced by complainant, it is alleged that she advanced the money used in moving it on to her land.

The broad terms of section 15, Title 31, supra, should be extended to include such expense. The expense of moving it so that it could be useful to the tenant was a part of the purchase of it as set up on the land. If his original contract of purchase had included its removal to the rental premises, the whole would be its purchase price for the purpose now under consideration. The same is true if those items of cost are split up into two parts.

The purpose of the bill is to declare and enforce a lien on the house as a movable attachment put on her land by the tenant, and which is presumably otherwise subject to be moved.

The court enforced the lien to that extent and ordered the house sold, and complainant bought. It was only the house as a movable attachment, and not any of the land, which was sold under the decree.

However defective may be the allegations of the complaint in attempting to state the cause of action, it invoked equity powers by an equity court over subject matter within its jurisdiction, with the necessary parties. So that the decree is not subject to be vacated on a collateral attack for that it is void on its face.

There was no error in the decree denying the motion even though it be treated as one to set aside the final decrees of the court as being void on their face.

We have responded to the argument, as though the motion properly raised the question, since appellee makes no point against its consideration in that light.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.