## WASHINGTON v. COLE.

1. Where a witness (whose deposition was taken,) stated that he attended a negro, as a physician, whom the declaration alleged had been falsely warranted sound, upon a sale by the defendant to the plaintiff—*Held*, that the evidence of professional character was sufficient to authorise the admission of the evidence; and if this fact was controverted, the opposing proof should be addressed to the jury.

WRIT of Error to the Circuit Court of Tuskaloosa.

This was an action of assumpsit at the suit of the defendant in error, against the plaintiff, for the breach of a parol warranty of a slave sold by the latter to the former, for the sum of five hundred and fifty-three dollars. The cause was tried on the plea of *non assumpsit*, the jury returned a verdict for the plaintiff, for the sum of six hundred and eighty-one dollars and eighty nine cents, and a judgment was thereupon rendered. On the trial, the defendant excepted to the ruling of the court in the admission of a deposition of John Meek, which had been taken at the instance of the plaintiff. The witness stated, that as a physician, he attended upon a negro boy named George, the property of the plaintiff, from the 15th of May to the 19th of June, 1841, that the disease was dropsy, a complaint which frequently exists in the human system long before it developes itself, and in the case of George, appeared to be of long standing. Witness futher stated, that the boy was at his house during the period of his attendance, was well attended to, and on the last mentioned day, died; that his death was occasioned by the dropsy, and witness' charge for his services was ten dollars. The defendant objected to the reading of so much of the deposition as professed to express the medical opinions of the witness, there being no proof of his being a regular physician, but it was permitted to be read. Afterwards, physicians were examined, who stated that the deponent was sometimes called Doctor—that he attended to a drug store some years ago in Tuskaloosa, but was not a physician. The defendant again objected to his deposition, but his objection was overruled.

P. Martin and Huntington, for the plaintiff in error.
W. Cochran, for the defendant.

COLLIER, C. J.—The opinion of a witness is not in general admissible—he must narrate facts. But on questions of science and some few others, persons of skill may speak, not only as to facts, but are allowed to give their opinions in evidence. [1 Phil. Ev. 290; Jefferson Ins. Co. v. Cotheal, 7 Wend. Rep. 78; Crowell v. Kirk, 3 Dev. Rep. 357; Ramadge v. Ryan, 9 Bing. Rep. 333; McNally's Ev. 225 to 229.] In Morse v. The State, [6 Conn. Rep. 9,] a witness was permitted to testify that he thought a third person was a minor, between fourteen and seventeen years of age; but the appellate court held that the evidence was inadmissible—it being a mere statement of opinion abstracted from fact. If the witness had stated facts indicative of the age of the party, accompanied with his opinion or belief, the testimony would then be competent. In Brabo v. Martin, [5 Miller's Rep. 275,] the question was, whether one medical gentleman could testify as to the professioual reputation of a witness who had been examined in the same cause. The court said, the general rule is, that facts are to be proved to a jury, but an exception is made on a question of purely professional science; the opinions of a physician are evidence, but they must state the facts on which they rest, that the jury may understandingly determine the weight to which they are entitled. But the exception did not go so far, as to tolerate the inquiry proposed; if it were allowed, another witness might be called to give his opinion as to the capacity of the second, to form a correct opinion on the weight due to the testimony of the first witness, and so on without limit, as to number. "The jury are to judge of the weight due to the opinion of medical men on the disease, from the facts detailed by them, and the reasons given in support of their conclusions, not from the opinions others may form of their capacity." [See also, Corlis v. Little, 1 Green's Rep. 232.]

In respect to matters of opinion founded on peculiar knowledge, it is said that the court should first ascertain whether the witness be an expert, that is to say, skilled in the matter about which his opinion is desired. [2 Phil. Ev. C. & H's Notes, 761.] In Mendum's case, [6 Rand. Rep. 709,] it was objected that the witness' skill and experience as a surgeon, was not such as to war-

rant the court in taking his opinion.    It was proved, that the witness had graduated as a surgeon at the University, where ample means existed for surgical instruction—that he practiced medicine and surgery seventeen years in the country, that he had performed surgical operations, sometimes with ,and occasionally, though seldom without the aid of others.    He stood high as a physician in his neighborhood, and was confided in as a surgeon, &c; Another surgeon testified as to his standing.    The witness himself was interrogated as to his particular practice, and though he had never actually inspected a stab made by a knife or dirk, he was allowed upon his general knowledge and experience, to give his opinion whether the particular wound was made by the one or the other.

As to the influence to which the testimony of the witness, Meek, was entitled, that, supposing his opinion to have been admissible, is a question which addressed itself to the jury; but his competency to express his opinions as evidence, depends upon the fact, whether he is skilled in the matter to which they relate.    The proof to that point is this, "Did you, as a physician, attend upon a negro named George, &c.?"  To which the witness answered, "I did."    This is an affirmative answer, and an implied assertion, that the witness was skilled in the healing art by profession, and attended professionally upon the negro.    True, the deposition would have been more technically regular, if the witness had been formally asked if he was a physician.    But the defendant had notice of the time and place of taking the deposition, might have been present, and proposed such questions as he thought proper, and objected to such as were improper, and he shall not now be allowed to avail himself of an irregularity which is rather formal than substantial.   [See Towns & O'Brien v. Alford & Butler, 2 Ala. Rep. 381.]

The evidence then, that the witness was an *expert*, so as to admit his opinions in evidence, was *prima facie* sufficient.    The proof that he was called "Doctor," had attended "in a drug store," but was not "a physician," addressed itself to the jury, and under a proper direction from the court, should have induced the jury to accord but little weight to the professional opinions of the witness.    But this course seems not to have been taken in the circuit court; instead of asking a charge upon the effect of the evidence, the court is called on to say that it overbalances the preliminary

proof contained in the deposition, and to reject the deposition, except so far as it states facts. This motion was properly overruled, and the consequence is, that the judgment of the circuit court is affirmed.