## TULLIS v. KIDD.

1. Whether a witness whose opinions are offered in evidence as an expert in any art or science, is competent to testify, is to be determined by the court, either by examining the witness himself, or from the testimony of others.

2. One who is not engaged in the practice of physic, may nevertheless be competent to testify, if he shows that he had studied the science of medicine, and felt competent to express a medical opinion upon a particular disease. The fact that he was not a practising physician would go to his credit.

3. After a witness has been admitted to testify as an expert, evidence cannot be given to the jury of the opinions of other experts in the same science, that the witness was qualified to draw correct conclusions, in the science on which he had been examined ; though such testimony would have been properly offered to the court, to show the competency of the witness.

Error to the Circuit Court of Tuscaloosa.

Assumpsit by the defendant in error, for a false warranty of soundness in the sale of a slave.

Upon the trial, the plaintiff introduced a witness to give a medical opinion, as to the soundness of the slave, who being

Tullis v. Kidd.

examined as to his medical skill, and his right to testify as an expert, stated, that previous to the year 1831, he had attended a course of medical lectures, and had obtained a license from the board of physicians of this State to practise physic, and had practised as a physician for a year, at the end of which time he had abandoned the profession for that of law, and that the law had been his profession for some sixteen years, and still was. The witness stated, that he had continued to read medical works, and had kept up with the improvements of the science, and felt competent to express medical opinions upon the diseases of women. He had examined the woman in this case, and knew the character of her disease. Whereupon, the defendant objected to the reception in evidence, of the testimony of the witness, upon the ground, that he was not an expert in contemplation of law. The court overruled the objection, remarking that it would let it go to the jury under instructions, and the defendant excepted.

After the testimony was completed, and the witness cross-examined by the defendant, who signified his intention to assail the opinions of the witness as an expert in medicine, the plaintiff to sustain his testimony, introduced as a witness a practising physician, and proposed to examine him upon the subject of the competency of the witness in medicine. The defendant objected, upon the ground that he had not introduced any witness to impeach his medical standing, which objection was overruled, and the last witness permitted to testify; to which the defendant excepted. These matters are now assigned as error.

HUNTINGTON, for plaintiff in error.

PORTER & BRODIE, contra.

The allowance of the witness to testify as an expert, and the testimony of the other witness substantiating his evidence, were both proper. [2 Phil. Ev. Notes, 761.]

ORMOND, J.—Whether a witness, whose opinions are of-

82

fered to be given in evidence as an expert, in any art, or science, is competent to testify, depends upon his skill in the art or science. This, like all other questions of the competency of witnesses, is determined by the court; and in ascertaining the fact, the court may examine the witness himself, or may ascertain it from the testimony of others. One who exercises an art, or trade, is supposed to be acquainted with it. Thus a practising physician would be presumed, from that circumstance alone, to be acquainted with the cause, and cure of diseases; but it by no means follows, that one who is not in the actual practice of medicine, may not be skilled in the science, so as to be able to give correct opinions, as to the existence, or cause of disease. Clinical practice, is doubtless a most efficient mode of acquiring such knowledge, by enabling the practioner, from his own observation, to verify the assertions, or theories of others, or to correct errors into which they may have fallen; and it may be, that medical opinions, not brought to this test, are not worthy of much reliance as the basis of the verdict of a jury. But, if one asserts an ability to give correct opinions, upon any art, or science, from an acquaintance with the subject, acquired by observation and study, we cannot perceive on what ground he can be rejected, because he has not been in the actual practice of his profession. This circumstance, as already observed, may deprive his testimony of much weight with the jury, but is no ground for excluding it. So also, among physicians in actual practice, superior skill, greater power, or opportunity for observation, may entitle the opinions of one, to much greater weight than those of another, although both are equally competent, in legal estimation.

It results from what has been said, that the court did not err in permitting the witness to testify, he having stated that he had studied the science of medicine, and felt competent to express a medical opinion upon the diseases of women. A kindred aspect of this question, was discussed by this court, in Washington v. Cole, 6 Ala. 212; and see also the case of Milton v. Rowland, at the present term, and The Commonwealth v. Mendurn, 6 Rand. 709.

But we think the court erred in permitting Dr. Guild to testify to the jury, as to the competency of the witness to ex-

Tullis v. Kidd.

press correct medical opinions. The fact, that the witness who had been permitted to give his opinions, upon questions of medical science, had been a practising lawyer for sixteen years previous, was probably urged to weaken the force of his testimony with the jury, and the object of introducing Dr. Guild, was manifestly to add weight to the opinions of the witness, by superadding the opinion of a well known practitioner, that the witness was qualified, to draw correct conclusions, on such questions. This was evidently invading the province of the jury, whose peculiar duty it was, to determine on the weight, the testimony of the witness was entitled to. Such testimony would have been properly adduced to the court, to establish the competency of the witness, but after he was admitted to testify, the jury were the exclusive judges of the credit he was entitled to.

In Washington v. Cole, *supra*, we held, that after a witness had been permitted to testify as a physician, evidence tending to show he was not a physician, but had merely lived in a drug store, was inadmissible testimony to the jury. The reason is precisely the same, where an attempt is made to fortify the claim of a witness to be considered an expert, by the opinions of others. If this were allowed, the verdict of the jury would possibly be rendered, not upon the credit they gave the witness as an expert, from the internal evidence afforded by his testimony to form correct medical opinions, but from the opinion of another witness of his skill and ability. This would be to substitute the witness for the jury, and investing him with the power of drawing conclusions for the jury.

Let the judgment be reversed, and the cause remanded.