(108 So. 373)

## ALABAMA POWER CO. v. FARR.
### (5 Div. 912.)

(Supreme Court of Alabama.    March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Electricity ⬤⇒14(1) — Electric power companies have duty of due care in use of known and approved appliances.**

Electric power service companies have duty of due care in selecting, placing, and maintaining, in connection with wires and instruments, such known and approved appliances as are necessary to guard against accident.

**2. Electricity ⬤⇒16(1) — Complaint charging negligent failure to safeguard wires against atmospheric electricity and resulting death held to state cause of action.**

Complaint alleging death of plaintiff intestate from negligent failure of electric power company to properly safeguard wires serving plaintiff's residence, so as to arrest dangerous currents of atmospheric electricity during natural atmospheric disturbances, *held* to state cause of action.

**3. Electricity ⬤⇒19(2)—Complaint held not to permit inference that electric current caused by lightning was inducted into house wires under control of plaintiff only.**

Complaint against electric power company for death from electric current caused by stroke of lightning, allegedly conveyed on wires of defendant to residence of plaintiff and his intestate and to electric light socket, *held* not to permit inference that current was inducted into and passed over house wires under control of plaintiff only.

**4. Electricity ⬤⇒13—Ownership of residential wires conducting lightning held not material in determining care required.**

Ownership of residential wires over which lightning passed *held* not material in determining degree of care required of power company to safeguard them from such dangerous current.

**5. Electricity ⬤⇒19(4)—Evidence that others were shocked by lightning held competent.**

Evidence that other persons in several different neighboring houses were shocked by electrical current from lightning wires during same storm about same time plaintiff's intestate was killed *held* competent to show that bolt struck defendant's secondary line and produced all of shocks simultaneously, including fatal shock, thus showing locus of bolt and extent of diffusion over defendant's lines.

**6. Witnesses ⬤⇒37(1)—Witness, who testified he had passed up and down electric power company's line and had noticed it, held competent to state that there were no ground wires that he knew of between city limits and plaintiff's home.**

Witness, who stated that he had passed up and down electric power company's line and had noticed it, *held* competent to testify that there were no ground wires that he knew of on that line between city limits and plaintiff's home.

**7. Trial ⬤⇒139(1).**

Weight and credibility of negative testimony of competent witness is properly left to jury.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by J. W. Farr, as administrator of the estate of Agnes Gladys Farr, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 1 alleges that defendant was engaged in the business of furnishing electric power to citizens of Roanoke, Ala., and that plaintiff was a customer of defendant and was supplied current for lighting his residence off a system of overhead wires strung on poles set at intervals along the streets and public roads, and from said poles into residences; that sockets were placed at the ends of said wires for attaching incandescent globes; that the wires so used are among the best known conductors of electricity, and during thunder storms are exceedingly dangerous and are liable to cause death or bodily harm to persons at or near them, unless properly insulated and safeguarded by ground wires, lightning arresters or other safety appliances; that on the date in question a slight electric storm occurred of such severity as usually occurs in the locality of plaintiff's residence at that season

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the year; that at said time plaintiff's intestate, who was plaintiff's wife, was engaged in her usual household duties, and was standing in the center of a room in her home and plaintiff's home directly under a socket suspended from the ceiling of the room by wires, and connected with defendant's wires as indicated, and while so standing was struck with great force and violence by a bolt of lightning which came over defendant's wires from the outer air, and which was hurled against and through her person from, by, and through said wires of defendant and from said socket, whereby intestate was instantly killed. The negligence charged is "that the death of the said intestate was proximately caused by the negligence of the defendant in that the defendant failed to properly insulate and safeguard its said wires by the use of proper and necessary appliances for arresting, diverting, diffusing, or conducting to the earth the excessive and dangerous current of electricity when struck by lightning, which their condition and position would naturally attract under such conditions."

J. W. Overton, of Wedowee, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

Where wiring (or other electrical appliances) on private premises is owned or controlled by the owner or occupant of such premises, a company which merely furnishes electricity is not responsible for the safeguarding or condition of such wiring or appliances. Ala. Power Co. v. Jones, 212 Ala. 206, 101 So. 898; Sou. Ind. Gas. Co. v. Tyner, 49 Ind. App. 475, 97 N. E. 580. Evidence of similar accidents is irrelevant and inadmissible, unless the conditions surrounding such accidents are the same. Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137; Southern R. Co. v. Lefan, 195 Ala. 295, 70 So. 249. Negative testimony of a material fact is not admissible unless the witness is familiar with the situation involved to the extent the fact would not exist without his knowledge. Thomas v. Degraffenreid, 17 Ala. 602; Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442; Wells Amusement Co. v. Means, 2 Ala. App. 574, 56 So. 594. Defendant is not liable for unavoidable peril. Southern Bell Telephone & Teleg. Co. v. McTyer, 137 Ala. 601, 34 So. 1020. Where the preponderance of evidence against the verdict is so decided as to convince the court it is wrong, motion for new trial should be granted. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Vann & Parker, of Roanoke, and Barnes & Walker, of Opelika, for appellee.

The complaint states a cause of action, and is not demurrable. Columbus R. Co. v. Kitchens, 142 Ga. 677, 83 S. E. 529, L. R. A. 1915C, 570; Ala. City, etc., Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181; Southern Bell v. McTyer, 137 Ala. 611, 34 So.

1020. The burden was upon defendant to show there were proper ground wires or other safeguards.

SOMERVILLE, J. The gravamen of the complaint in each of its counts is the negligent failure of the defendant to properly ground, or otherwise safeguard, that section of its wire system by which the plaintiff's residence was served with power for electric lighting, so as to arrest, divert, diffuse, or conduct into the earth excessive and dangerous currents of atmospheric electricity that might be received and carried by the wires during natural atmospheric disturbances.

[1] That the law imposes upon power service companies the duty of "due care in selecting, placing, and maintaining, in connection with its wires and instruments, such known and approved appliances as are necessary to guard against such accidents," is fully supported by reason and authority. Griffith v. N. E. Tel., etc., Co., 72 Vt. 441, 48 A. 643, 52 L. R. A. 919; Columbus R. R. Co. v. Kitchens, 142 Ga. 677, 83 S. E. 529, L. R. A. 1915C, 570; S. W. Tel. & Tel. Co. v. Abeles, 94 Ark. 254, 126 S. W. 724, 140 Am. St. Rep. 115, 21 Ann. Cas. 1006; So. Tel. Co. v. Evans, 54 Tex. Civ. App. 63, 116 S. W. 418; 9 R. C. L. 1216, § 24; 20 Corp. Jur. 344, § 37, 2, and cases cited. See, also, our own case of So. Bell Tel. & Tel. Co. v. McTyer, 137 Ala. 601, 34 So. 1020, 97 Am. St. Rep. 62, where the basis for this duty, and the resulting liability for its breach, are stated and declared "to be familiar facts in physics, and therefore within the common knowledge of mankind and within the judicial knowledge of courts." In that case it was further said, per McClellan, C. J.:

"If by the exercise of such reasonable precautions as a man of ordinary care and prudence would exercise in respect of such a dangerous agent, injuries to persons and property from the conduction along the wires into houses of currents of atmospheric electricity may be avoided, it is the duty of companies engaged in this business to employ devices and appliances to that end. If the danger cannot be wholly avoided, due care should be taken to minimize it; and if such care is taken and there still inheres in the operation of the system a modicum of unavoidable peril to persons and property, its consequences are to be risked and submitted to in consideration of the conservation of public convenience to which they are necessarily incident."

[2] Under these principles, each count of the complaint sufficiently states the three elements upon which defendant's liability is grounded, viz., a legal duty resting on defendant, the breach of that duty by defendant, and resulting injury to plaintiff.

[3] The objection taken to count 2 is without merit. The contention is that it shows that two sections of wiring were involved, the service wires owned and controlled by defendant, and the house wires owned and

controlled by plaintiff; and that the allegations of the count do not show that the lethal current passed over defendant's wires, but permit the inference at least that it was inducted into and passed over the house wires only. A fair understanding of the allegations in question does not support such a construction. The language supposedly pertinent is that, while plaintiff "was standing in the center of a room * * * under a socket suspended from the ceiling of said room by wires, and connected with the defendant's wires as above described, * * * the electric current caused by a stroke of lightning, or a dangerous portion thereof, was conveyed on and *along said wires to the residence* of plaintiff and his intestate and to the electric light socket, etc." The italicized clause per se contradicts defendant's contention, since the drop light wire was connected with defendant's wires at the ceiling, necessarily.

[4] But the ownership of the residential wires is clearly not material to the issue of negligence as presented by the complaint. The defect charged was not in those wires, and, no matter who owned or controlled them, defendant's duty to safeguard them against dangerous currents, such as are engendered during atmospheric disturbances, was exactly the same.

[5] The demurrers to the complaint were properly overruled. If it be conceded, for the argument, that evidence that several other persons, in several different neighboring houses, were shocked by an electrical current from lighting wires during the same storm, and about the same time, was not admissible to show a negligent condition of defendant's secondary system serving those houses and plaintiff's, for want of proof of similarity of conditions and environment, yet we think that such evidence was clearly competent as tending to show, inferentially at least, that a single bolt of lightning struck defendant's secondary line, or so near it as to enter the wire by induction, and produced all of the several shocks simultaneously, including the shock to plaintiff's intestate. In that way the evidence tended to show the locus of the bolt and the character and extent of its diffusion over the service lines.

[6, 7] The trial court did not err in permitting plaintiff's witness Stewart to state that there were no ground wires that he knew of on defendant's line between the city limits and plaintiff's home. The witness was qualified to give such negative testimony, having stated that he had passed up and down the line, *and had noticed it.* However weak such evidence may be, its weight and credibility are properly submitted to the jury. Nelson v. Iverson, 17 Ala. 216. We note, moreover, that neither the question nor the answer was objected to on the apt ground that the witness was not sufficiently qualified by observation to so testify.

We have examined the evidence with due care, and our conclusion is that it was sufficient to authorize a finding by the jury that the death of plaintiff's intestate was the proximate result of defendant's failure to prudently and properly safeguard its wire line from the violence of atmospheric electricity by appliances or devices available for that purpose; and that, for such negligent breach of duty defendant is liable to plaintiff for the damage so inflicted. Nor was there any such preponderance of opposing evidence as to warrant the trial court or this court to set aside the verdict and grant a new trial.

Our view of the evidence renders unnecessary any consideration of the principle of res ipsa loquitur, as discussed by counsel.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.