(129 So. 489)

## SOUTHERN AMUSEMENT CORPORATION et al. v. SUMMERS.

6 Div. 641.

Court of Appeals of Alabama.

June 10, 1930.

Rehearing Denied June 30, 1930.

Charlie C. McCall, Atty. Gen., for the State.

B. F. Smith, of Birmingham, for appellants.

Harsh & Harsh, of Birmingham, for appellee.

**SAMFORD, J.**

The plaintiff, a woman, attended and went upon a pleasure device known as "Through the Falls" or "Over the Falls," operated by defendants. A detailed description of the device is not here necessary, except to say it was designed to be used by the public for pleasure, in that they were given thrills from unreal and unexpectedly sudden motion caused by mechanical devices consisting of a combination of slides, curtains, rollers, etc. The device was operated for a profit, a charge being made for each trip over the falls. The plaintiff paid the fare charged, went upon the device, and by reason of a defect in the machine was injured by having one of her feet caught between two of the rollers.

One of the principle questions involved in this case is presented by a refusal of the trial court to give at the request of defendants in writing charges 21, 8, 19, and 9, which are made the basis of assignments of error 1, 5, 11, and 12, all of which are grouped in appellants brief and submitted together. If, therefore, any of these charges are bad, none of them can be made the basis of a reversal. However, as to this we may say such charges are well grouped and present but one point. The rule sought to be invoked by these charges finds support in some cases in other jurisdictions, but in this state the relation of the parties in cases such as we have under consideration is different from that existing between the owner of property and a mere invitee, or even between that of a master and his employees, where the master's duty is no more than the exercise of due care to provide for employees a reasonably safe place in which to work. On the trial of this case the learned trial judge has, on this point, carefully and fully followed the opinion in Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A. L. R. 840, in which well-considered case Mr. Justice Sommerville has pointed out the difference between the rule in this state and in those states holding to the view of appellant. Following this case the court properly refused the charges above referred to.

There are some minor criticisms of the foregoing charges which we deem unnecessary to pass upon.

Defendants written charges 7, 12, 13, 4, and 5 might have been refused: (1) Because they were not limited to count one of the complaint. Contributory negligence is no answer to a count for wantonness. (2) The court in his oral charge covered the law on this point substantially as is set out in the charges. (3) There is no evidence in this record tending to prove contributory negligence on the part of plaintiff.

Refused charge 10 requested in writing by defendants is in direct conflict with Birmingham Amusement Co. v. Norris, supra.

Defendants refused charge 6 was covered substantially in the court's oral charge and in given written charge 3.

Appellant is insisting that the court committed reversible error in sustaining plaintiff's objection to a question propounded by defendants to the witness Dr. Glass on cross-examination: "Did that foot look like it had been passed between two heavy wooden rollers about three fourths of an inch apart?" The record shows that this question was answered, and the answer remained in evidence.

Assignment of error 17 is not properly insisted on, and what is said in the brief on this assignment amounts to a waiver.

Appellant in brief groups assignments of error 18, 19, 20, and 21. These assignments relate, in part at least, to testimony of the plaintiff's witness, Mrs. Shaw, who was near the scene of the injury and heard plaintiff's screams and heard the order given to "cut off the power." This all related to the res gestæ, and as such was relevant and not hearsay.

Contention of appellant, with reference to assignments 22, 23, 24, and 25, is without merit. As to 22, the question had already been answered without objection, and as to 23, we do not find it on the page of the record designated and we will not search for it. Assignment 24 relates to a question touching the res gestæ and calling for a shorthand rendition of facts. As to assignment 25, while the fullest latitude should be allowed on cross-examination, there is a limit beyond which attorneys may not go. Broyles v. Cent. of Ga. Ry. Co., 166 Ala. 616, 52 So. 81, 139 Am. St. Rep. 50.

Assignments of error 26 and 30 bring into question the rulings of the court in permitting plaintiff to inquire of defendants witness (1) "Don't you know it was a second hand device?" (2) "That was second hand machinery wasn't it?" These questions were proper. The plaintiff was entitled to show

598

the kind and character of the machinery used in the device, how long it has been used, and all about it, and nobody was better qualified to answer this than those associated with its management. It may even be said that, as a matter of common knowledge, secondhand or used machinery requires more careful inspection to keep it in order than does machinery of the same character when it is new.

Appellants complain that the court refused to permit this question: "State to the jury whether you had any other complaints from any persons other than the one we are trying here, in 1927." Objection to this question .was properly sustained. The defect in the machinery causing plaintiff's injury may have developed but once. The machine may have been in perfect repair the day before, and again put and kept in repair the days which followed.

There are a number of other assignments of error relating to rulings of the court on the admission of testimony. We have read and considered them all, and in them find no reversible error. They present the simplest questions of the law of evidence, and it could serve no good purpose to extend this opinion by a detailed discussion of them.

Insistence is made that the court erred in refusing to give at the request of defendants charge A. Waiving the technical criticism of this charge made by appellee in her brief, with which we do not agree, we are of the opinion that the trial court was justified in refusing this charge on the evidence. While perhaps we might have concluded otherwise if we were the jury, there was evidence tending to show a wantonness on the part of defendants' agents, after plaintiff's peril became known, in such sort as to justify a recovery under count 2. Bradley v. Ashworth, 211 Ala. 395, 100 So. 663.

The foregoing being our views on the issues presented, it follows that the court committed no error in overruling the motion for new trial. The judgment is affirmed.

Affirmed.