(130 So. 788)
**ALABAMA POWER CO. v. WILLIAMS.**

**6 Div. 632.**

Supreme Court of Alabama.

Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

Arthur F. Fite, of Jasper, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

J. M. Pennington and L. D. Gray, both of Jasper, for appellee.

ANDERSON, C. J.

The complaint conforms substantially to the one held not subject to demurrer in the case of Alabama Power Co. v. Farr, 214 Ala. 530, 108 So. 373. It is insisted, however, by appellant's counsel that, while this is true, grounds 12 and 13 of the demurrer in the instant case were not interposed in the Farr Case, supra. The report of the Farr Case does not disclose the grounds of demurrer there invoked, but, assuming that grounds 12 and 13 in the case at bar were not interposed, we are of the opinion, and so hold, that the present complaint is not subject to same. The complaint does not charge the defendant with being an insurer, and did not have to negative the fact that the defendant did not install wires and appliances in general use by well-regulated concerns similarly situated. If such was the case, this was an answer or de-fensive matter to the charge of a failure to exercise due care, and was not a proper or necessary charge in the complaint.

While the witness Reagan may not have regarded himself as an electrical expert in a general way, yet his evidence showed considerable experience and familiarity with the subject-matter involved, and we cannot put the trial court in error in permitting him to testify along the lines that he did. "To entitle a witness to answer as an expert, it is true, he must in the opinion of the court, have special acquaintance with the immediate line of inquiry; yet he need not be thoroughly acquainted with the differentia, of the specific specialty under consideration. A general knowledge of the department to which a specialty belongs would seem to be sufficient." 1 Wharton Evidence (2d Ed.) page 386; Washington v. Cole, 6 Ala. 212; Gulf City Co. v. Stephens, 51 Ala. 121; Parrish v. State, 139 Ala. 16, 36 So. 1012; Alabama Consol. Coal & Iron Co. v. Heald, 168 Ala. 626, 53 So. 162.

There was no error in sustaining the plaintiff's objection to the question embraced in the fifteenth assignment of error. It exceeded the range of expert opinion evidence as to the equipment and condition of the wires, and invaded the province of the jury and called upon the witness to construe and give the effect of the National Electrical Code. Nashville, C. & St. L. Ry. v. Yarbrough, 194 Ala. 162, 69 So. 582; Doby v. Layton, 210 Ala. 303, 98 So. 9.

The trial court did not commit reversible error in refusing the defendant's requested charges 7, 11, and 12. If not faulty, they were substantially covered by given charges 6, 8, 9, and 10.

Charges 21 and 22, refused the defendant, if not faulty, were sufficiently covered both by the oral charge of the court and the defendant's given charges.

The appellant argues ably and earnestly for a reversal of this case for the refusal of the motion for a new trial because the verdict was contrary to the weight of the evidence. The evidence has been read and carefully considered, and we do not feel justified in holding that the verdict was so contrary to the great weight of the evidence as to put the trial court in error for refusing the new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.