143 So. 461

## J. C. BYRAM & CO. v. LIVINGSTON.

### 6 Div. 53.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied Oct. 13, 1932.

B. F. Smith, of Birmingham, for appellant.

Mullins, Pointer & Deramus, of Birmingham, for appellee.

THOMAS, J.

The questions reserved for decision are the overruling of demurrer to the wanton count of the complaint, and the giving and refusing of instructions to the jury. The plea was in short by consent.

■■ It is true that, where the facts are specifically stated, they must support the characterization of such facts as to wantonness. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469. And wanton negligence may be pleaded without setting out the facts showing wantonness. St. Louis & S. F. Ry. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

The gravamen of count 2 was "that all of his (plaintiff's) aforementioned injuries were a proximate consequence of the wantonness of the defendant, its agents, servants or employees, in wantonly causing or allowing said automobile truck to run into, upon or against the plaintiff on the occasion aforementioned."

■ The record proper fails to show a specific ruling on the demurrer, and the sufficiency of the complaint will not be considered on appeal. Yates v. Barnett, 215 Ala. 554, 112 So. 122; Berger v. Dempster, 204 Ala. 305, 85 So. 392; Seaboard Air Line Ry. Co. v. Pemberton, 202 Ala. 55, 79 So. 393; Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239.

■■ There are several assignments as to portions of the oral charge. It is the rule that general exceptions to the oral charge, without sufficiently indicating the language to which exception is reserved, are insufficient to present that instruction for review. Ex parte Cowart, 201 Ala. 55, 77 So. 349; Knowles v. Blue, 209 Ala. 27, 33, 95 So. 481; Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; H. J. Crenshaw & Co. v. Seaboard Air Line Ry. Co., 219 Ala. 206, 121 So. 736; Jordan v. Smith, 185 Ala. 591, 64 So. 317; Birmingham Railway, Light & Power Co. v. Friedman, 187 Ala. 562, 65 So. 939. However, conceding without deciding the exception reserved by reference was sufficient, when the subject-matter of that instruction is taken with the interruption and correction by counsel, and considered with the context, there was no reversible error.

The matter of Gen. Acts 1927, p. 370, § 55, and the municipal ordinance are considered in pari materia. When the whole of the charge is considered, the oral instructions were within the rule of our cases. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Shafer v. Myers, 215 Ala. 678, 112 So. 230; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596; Echols v. Vinson, 220 Ala. 229, 124 So. 510; Brown v. Bush, 220 Ala. 130, 124 So. 300; L. Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 343, 116 So. 334; Adler v. Martin, 179 Ala. 97, 59 So. 597.

■ Whether or not defendant's refused charge 13 may be refused in its present form, it was substantially covered by given charge (Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807; Chambers v. Cox, 222 Ala. 1, 130 So. 416; Alabama Power Co. v. Williams, 222 Ala. 75, 130 So. 788) and oral instructions. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Southern Amusement Corporation v. Summers, 23 Ala. App. 595, 129 So. 489.

■ There being evidence, and reasonable tendencies thereof, to prove the averments of the two counts of the complaint, general affirmative instructions are properly refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Kalevas v. Ferguson, 216 Ala. 625, 114 So. 292; Stark & Oldham Brothers Lumber Co. v. Burford, 215 Ala. 68, 109 So. 148;

Pelzer v. Mutual Warehouse Co., 217 Ala. 630, 117 So. 165.

■ The cause was properly submitted to the jury on count 2. The witness Bentley, who was driving the truck, testified that, as he approached the intersection at the rate of from ten to twelve miles (and, according to the witness Bracewell, was going pretty fast, at a "pretty good clip"), he saw the street car, the Ford, and men running to get on the street car; that he did not sound the horn, but holloed when he saw plaintiff emerge from the car. The preponderance of the evidence was that plaintiff was struck on the left side of the street on which the truck was proceeding. The witness Dison fixed the speed of the truck at twelve or fifteen miles per hour, and no witness placed the speed at more than twenty miles per hour; and testimony was to the effect that the truck was stopped within five or six feet.

The witnesses White, plaintiff, Bracewell, and Dison testified that the car from which appellee alighted was parked by and parallel to the curb on the northwest corner of Fiftieth street and Tenth Avenue North, and that it was approximately five feet wide; was parked near the west curb, and the truck passed close to Bracewell's car. The witness White testified that the truck came within about three feet of him; that the left side of appellant's truck was, say, within eight or nine feet of the western curb line of Fiftieth street, and on or near the left side of the street, and the street was from twenty-five to twenty-eight feet wide. Appellant's driver corroborates this testimony to the effect that he was on or about the east edge of the left side of the street. The diagram exhibited shows that the small black square referred to as the position of the truck immediately before it struck plaintiff was at the edge and within the western half of Fiftieth street, or the dividing line thereof. Then, under the driver's testimony, if he saw this car parked over there when he entered the intersection and saw the street car parked on the opposite side of the street, which was starting and stopping, saw people running to points on the street, or from the automobile to the street car, some of whom continued on across the street to the car, and some stopped, and if that driver continued on across the intersection in front of the street car and on his left side of the street at or about the speed he indicated, this would afford a reasonable inference warranting submission on count 2.

■ As was declared in Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9, 10: "When all of the evidence is considered, a jury question was presented as to defendant's agent's conscious act and conduct

in the premises from his knowledge of the existing conditions, and that injury would probably result from his act, and with indifference to probable consequences, intentionally and consciously drove into" and injured plaintiff when and as he did. "A jury question was presented under the wanton count." A conscious failure to use the required means to avoid peril—the sounding of the horn—together with indifference as to consequence in the premises, may constitute wanton misconduct, although no actual intent may exist to do the thing or cause the injury in question.

The refusal of charge 7, requested by defendant, is urged as error under section 5948, Code of Birmingham, of which we take judicial knowledge. The trial court indorsed the refusal on the ground that the ordinance did not apply to the act in question. That section was new and was not operative prior to the time that Code became effective, December 1, 1930. The collision was on May 27th of that year, and was within section 1901 of the Code of the City of Birmingham of date of 1917, which contained a limited application of the rule as affecting pedestrians; the restricted areas being between the south side of First avenue, the north side of Fifth avenue, west side of Nineteenth street, and the east side of Twenty-First street. The locus in quo of this injury was on Fiftieth street and north of Tenth avenue, and was not in what is designated as the "Loop Area." There was no error in refusing defendant's charge 7. Moreover, it was bad in form.

We find no reversible error in overruling the motion for a new trial. Cobb v. Malone & Collins, 92 Ala. 633, 9 So. 738; Nashville, C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 347, 70 So. 7. The damages that may be awarded for "pain and mental anguish" are "in a large measure discretionary, within reasonable bounds"; and, unless the amount awarded is so excessive or so inadequate as to indicate passion, prejudice, partiality, corruption, or some other improper controlling sentiment, the rule in this jurisdiction is not to reverse. Louisville & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53; Central of Ga. Ry. Co. v. White, 175 Ala. 60, 56 So. 574; Veitch v. Southern Ry. Co., 220 Ala. 436, 126 So. 845, and authorities.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.