# McCall *v.* Hall.

## *Bill to Enforce Vendor's Lien.*

(Decided April 17, 1913.  62 South. 68.)

1. *Appeal and Error; Review; Questions Not Raised Below.*—The sufficiency of the plea of usury cannot be raised for the first time on appeal.

2. *Same; Harmless Error; Pleading.*—Whether a plea of usury was sufficient or not, was immaterial where interest on the debt was eliminated and all the payments were credited on the principal.

3. *Witnesses; Competency; Deceased Person.*—Where a defendant's wife had no pecuniary interest in a transaction between her husband and the intestate of plaintiff in which her husband had given plaintiff's intestate a note for the price of real estate, she is competent to testify as to payments made on the note by or on behalf of her husband.

4. *Reference; Report on; Exceptions.*—Where a cause was referred to the Register to ascertain all payments made on the debt sued on, a paper omitting all notation of the evidence on which exceptions to the reports were based, was insufficient under rule 93, Ch. Pr., and sec. 3161, Code 1907.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by S. A. McCall, as administrator, against J. D. Hall to enforce a vendor's lien.  Decree for complainant for insufficient relief, and he appeals.  Affirmed.

The paper alluded to is as follows: "Comes complainant and objects to the report of the register on reference, and assigns the following objections:  (1) The sum of $125 allowed for the board of J. H. McCall should not have been allowed; (2) the sum of $285 should not have been allowed as a credit on said note;

and (3) because the report of the register does not show the true and correct amount due on said purchase money note for $1,000.   Isbell & Scott."

Isbell & Scott, for appellant.   Defendant's wife was not competent as a witness as she testified relative to a matter affecting the estate of complainant's intestate. —Sec. 4007, Code 1907.   The plea of usury was insufficient.—*Woodall v. Kelly*, 85 Ala. 368; Tyler on Usury, 458.

John A. Davis, for appellee.   The testimony establishes that the contract was usurious, and the exception to the register's report was properly disallowed.—Sec. 4623, Code 1907; *Barclift v. Fields*, 145 Ala. 264.; *Reynolds v. Lee*, 60 South. 101.

McCLELLAN, J.—The appellee bought a tract of land from appellant's intestate, giving him a promissory note for $1,000 as the purchase price thereof.   After intestate's death the note could not be found, but its original existence and amount are not the subjects of dispute.   The administrator exhibited this bill against the grantee-payor, seeking the declaration and enforcement of a vendor's lien for the unpaid purchase money. The only matter of real controversy was the amount of the unpaid balance of the purchase money.

It appears from the evidence with satisfactory certainty that the note stipulated for usurious interest. There was a plea setting up *usury,* the sufficiency of which, as a plea of usury, does not appear to have been tested in the chancery court.   The argument against its sufficiency cannot be considered on this appeal, since the objection on that account was not first made in that court.

The result from the evidence supporting the sub-stance of the plea (whether that pleading was deficient or not) was that the matter of interest on the debt was eliminated. Whatever payments were made served to diminish the principal of the debt.

On the issue of amount of the payments made, the wife of the appellee was the chief witness for appellee. Not having been shown to have any pecuniary interest in the transaction between her husband and intestate, she was competent to testify in the premises.—*Glover v. Gentry & Moore,* 104 Ala. 222, 229, 16 South. 38.

The report of the register, to whom the court referred the inquiry of the amount due by the defendant on the note, ascertained that there was a balance of $337.75. The credits, or offset, allowed were based upon pay-ments aggregating $295, $47.25 for burial expenses and for tombstone, and $120 arrears on the board account of the intestate.

The complainant filed a paper setting forth his *objec-tions* to the report of the register in the particulars that the amount of the note was tolled by $285 of payments found to have been made thereon, and the sum of the board account. This paper does not, in any degree, conform to the rule with respect to exceptions to such reports. It omits entirely any notation of the evidence upon which the exception relied.—Rule 93, Ch. Prac.; Civil Code, p. 1556; Code, § 3161; *Warren v. Lawson,* 117 Ala. 339, 23 South. 65; and other authorities not-ed under the rule and statute cited. There is nothing to properly invite review here of the register's findings and report, as confirmed by the chancellor.

The decree is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.