(121 So. 399)

## WOODWARD IRON CO. v. BURGES.
### (6 Div. 205.)

Supreme Court of Alabama. Jan. 17, 1929.

Rehearing Denied March 28, 1929.

Nesbit & Sadler, of Birmingham, for appellant.

Harsh & Harsh, of Birmingham, for appellee.

138

ANDERSON, C. J. It is unquestionably the law that, where a complaint does not state a substantial cause of action, advantage can be taken of same, notwithstanding there was no demurrer interposed. It is suggested that count 1 does not state a cause of action because it fails to aver a duty owing the plaintiff not to injure him as charged in the complaint; that is, from aught appearing, the plaintiff was a trespasser or had no right to be where he was when injured. True, count 1 is in the alternative and charges that the defendant "caused or allowed said power lines to pass through or dangerously near a certain tree, which said tree was located at or near the division line between defendant's property and said property not belonging to defendant." Testing this averment by its weakest link, which is the rule when an appropriate demurrer is interposed, it would, no doubt, be deemed defective. On the other hand, in the absence of a demurrer and in determining whether or not a complaint will support a judgment, it must be tested by the stronger alternative averment. We do not think that count 1 fails to state a cause of action or that the trial court erred in refusing the general charge requested by the defendant as to said count. It would seem that, having taken issue on this count, the defendant would not be entitled to the general charge if either alternative was proven, but we prefer to justify the refusal of the general charge upon the ground that the proof was such as to make it a question for the jury that the point where the wire passed through the limbs of the tree was either on the line or a little over the side where the plaintiff had the right to be. It is true, the proof shows that the trunk of the tree, though on or very near the line, was within the wire fence which is supposed to be on the line, but photographs of the locus in quo have been introduced in evidence and they show a tendency of the tree to lean to the side outside of the fence at the place where the plaintiff was when coming in contact with the wire. Moreover, if we adopt the fence as being on the line, there was proof from which the jury could infer that the tree was a part of the fence. A witness testified: "This fence * * * was right about on the line. * * * This fence was strung on wooden posts, and some of the wires of this fence were fastened to this particular tree." As the defendant was not entitled to the general charge as to count 1, it was, of course, not entitled to same as to the whole case.

Charge 16, refused the defendant, was covered by the oral charge of the court. In fact, the language adopted in the oral charge, in defining negligence, was practically the same as that set out in this written charge, and the court had previously stated to the jury that the burden was on the plaintiff to prove negligence.

The trial court did not err in refusing the defendant's requested charge as set out in the fourth assignment of error. If not otherwise faulty, it was highly misleading under the evidence in the case.

There was no error in refusing the defendant's requested charge set out in the fifth assignment of error. As above noted, it was a question for the jury as to whether or no the plaintiff was a trespasser when he came in contact with the wire.

There was no error in refusing the defendant's charge set out in the sixth assignment of error. The wire may have been over private property of another, or of the defendant and another jointly, and therefore the plaintiff was not, as a matter of law, a trespasser when injured.

We think that the verdict in this case was greatly excessive. The damages awarded should have been compensatory only, and the record fails to show any continued or long suffering. The fingers on one hand were burned and shocked, as well as the toes on one foot. The toes have healed, and the injury thereto was not permanent. The only permanent injury sustained, accepting the most favorable view of the evidence for the plaintiff, is a failure to use the little finger on the left hand and a partial failure to use the one next to it.

There being no reversible error disclosed by the record, other than a failure of the trial court to grant the motion for a new trial because the verdict is excessive, this court, under the authority granted by section 6150 of the Code of 1923, hereby reduces the verdict to $1,200, and, if the plaintiff remits all amount in excess of said sum by filing a remittitur with the clerk of this court within 30 days, the judgment of the circuit court will be affirmed. If said remittitur is not filed within 30 days, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

## On Rehearing.

ANDERSON, C. J. It is now urged that count 1 fails to state a cause of action, for the reason that it fails to show a duty owing the plaintiff by the defendant not to maintain the live wire at the place in question; that, from aught appearing, the plaintiff was a trespasser notwithstanding the wire may have been on the line or even beyond the defendant's side. This might be true, but for the averment that the space or side, not owned or controlled by the defendant, was a roadway or a playground frequently used by children. If it was frequently used as a roadway or playground, this plaintiff was not necessarily a trespasser. Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772.

As heretofore stated, when no objection is taken to a complaint by demurrer, it should be liberally construed when necessary to support a judgment. Slight v. Frix, 165 Ala. 230, 51 So. 601. There was proof from which the jury could find that the plaintiff was not a trespasser, and that the wire, at the point where he came in contact with same, was neither on the line or a little over the side not owned or controlled by the defendant. The defendant's application is overruled.

We still think that the judgment was excessive, and the plaintiff's application is overruled. Plaintiff is given 30 days to exercise the option provided in the original opinion, and if not so exercised, the cause will stand reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.