153 So. 634

**ALABAMA POWER CO. v. CURRY.**

**6 Div. 350.**

Supreme Court of Alabama.

March 8, 1934.

Rehearing Denied April 5, 1934.

Patton & Patton, of Carrollton, Harwood & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter, of Birmingham, for appellant.

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellee.

FOSTER, Justice.

Appellee was the owner of a storehouse wired for electricity served by appellant, an electric distributor for the public.

The case was tried on count A, which alleges that the wiring system in plaintiff's house was defective, because there was no ground wire extending from the entrance switch into the ground, without which it was exceedingly dangerous during thunderstorms; that appellant, its servants, etc., knew of such defect and its dangers, and with such knowledge negligently maintained a current of electricity into said wiring appliances in plaintiff's store, and that a bolt of lightning came over defendant's wires from the outer air into the wiring system, and struck plaintiff, injuring him, as a proximate consequence of the negligence. We have not undertaken to copy the count, but to paraphrase it, in order to make clear the point of objection to it made by appellant.

There are four grounds of demurrer argued and insisted on for error in respect to the complaint: (1) It sets forth no cause of action. (2) It does not show that defendant's negligence was the proximate cause of plaintiff's injuries. (3) It contains two separate and distinct causes of action. (4) It is vague and uncertain as to the nature of the cause of action relied on.

■ We have not, therefore, considered any other feature of the demurrer. All that need be said in respect to the first is that it is general, and a general demurrer has been abolished by statute in suits at law. Section 9479, Code; U. S. H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Sanders v. Gernet, Bros. Lbr. Co., 221 Ala. 469, 129 So. 46.

■ The succeeding three assignments may be treated together, and involve a study of the nature of the action, and its essential qualities. It seems to us that the correct interpretation of the complaint is that it is predicated upon the theory that defendant negligently participated in the maintenance of a condition known by defendant to be dangerous, in that it was subject to be operated upon by some outside agency, though appellant's appliances were in no respect defective. That is the principle on which the case of So. Bell Tel. & Tel. Co. v. McTyer, 137 Ala. 601, 34 So. 1020, 97 Am. St. Rep. 62, is based.

It shows clearly that it is not intended to be founded on the principle that defendant was at fault or negligent in other respects, such as constituted the gist of the action in Alabama Power Co. v. Farr, 214 Ala. 530, 108 So. 373; Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602. It also shows clearly that it was not the electricity which defendant conducted along its wires into plaintiff's house which caused the injury, as in Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898.

The distinction between the Jones and the McTyer Cases is clear. In the former, defendant was the active agent operating upon a condition known to be dangerous. In the McTyer Case, defendant created the dangerous condition, which was acted upon by some other operating agent. The causes of action are not the same. The points of difference may be analyzed as follows: If defendant is responsible for a condition, in itself harmless, but dangerous when another operative condition acts upon it, and which defendant knows, or should know, is likely to happen, and that, if it should happen, some such injury may occur as did result, defendant is held proximately responsible, and his negligence is in the failure to use due care that such condition shall not continue. See article by Prof. Beale in Harvard Law Rev. vol. 23, No. 5, subject "The Proximate Consequences of an Act." That is the McTyer Case. The Jones Case is where defendant produces the active agent that operates upon a dangerous condition, whether or not that condition is chargeable to defendant, but with knowledge of the danger consequent upon the application of such active agent to that condition.

The fact that the complaint alleges that defendant maintained a current of electricity into the dangerous condition does not imply that it was that current of electricity which was the guilty agent when it is clearly shown that the maintenance of such current was merely one of the conditions on which the operative agent acted.

The current of electricity involves the physical connection with plaintiff's wiring, and also the conduction of electricity along such wiring, all as descriptive of the condition thereby made dangerous as respects the conduction of atmospheric electricity, the active agent operating upon that condition. It may be that the conduction by defendant of its electricity added to the danger from atmospheric electricity or to its attraction. But, whether so or not, it is alleged in the complaint that such was the condition which defendant negligently maintained, knowing that to do so was dangerous during thunderstorms.

We think, therefore, that the complaint not only alleges that defendant's negligence was the proximate cause of the injury, but the

facts set out are consistent with that allegation. It does not unite two causes of action, nor is it uncertain which cause of action is relied on. We think it shows that the one cause of action is the negligent maintenance of a dangerous condition with knowledge of the danger.

We do not think any of the grounds of demurrer are well taken, and there was no error in overruling it.

While there is no general demurrer now available to a complaint at law, if the complaint does not state a cause of action, defendant may have the benefit of such failure, though no demurrer whatever be interposed. Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399. This may be by a request for the affirmative charge, or by motion in arrest of judgment, Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46, or by a motion to vacate the judgment, and for a repleader, section 7858, Code; City of B'ham v. Andrews, 222 Ala. 362, 132 So. 877; Nat. Surety Co. v. First Nat. Bank, 225 Ala. 108, 142 So. 414.

The affirmative charge was here requested by defendant, and should have been given, if the complaint did not contain a cause of action, or if the evidence was not sufficient to support the elements of the action charged.

Whether the complaint contains a cause of action is not controlled by the fact that it omits some averment necessary to show a duty by defendant to plaintiff, when the complaint states the cause of action by general averment. Such omission is ground for demurrer, but "not a test of whether a cause is stated." So. Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; So. Ry. Co. v. Carter, 164 Ala. 103, 107, 108, 51 So. 147.

The complaint here alleges that defendant's negligence proximately caused plaintiff's injury. That is a cause of action, though it may not sufficiently allege the duty owing plaintiff. Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399.

We do not think the duty alleged existed unless plaintiff was without knowledge of the danger, as we will more fully explain, and the complaint does not allege such absence of knowledge, though it shows that the dangerous condition was on plaintiff's premises in connection with his property, and was a defect for which he was responsible. But there was no ground of demurrer which reached that defect in the complaint. To show such a duty, there must have been a fair inference that plaintiff was unconscious of the danger, since plaintiff was responsible for the continued existence of the dangerous condition. The situation is that plaintiff and defendant by their combined conduct caused or permitted the dangerous condition to exist at the time of the accident. Plaintiff sued defendant, though he voluntarily placed himself in a position which was dangerous as a result of his own conduct united with that of defendant, and which dangerous condition proximately injured plaintiff, as one aspect of the evidence tends to show.

Our attention has not been directed to such an action. But its incidents are such, we think, as that it should be controlled by the principles applicable to the right of one tort-feasor to recover contribution from his confederate in the commission of the tort. We have recently considered that subject carefully. Gobble v. Bradford, 226 Ala. 517, 147 So. 619. If they each acted so as to be wrongdoers to the other, neither can recover contribution from the other in respect to their participation in the act. But, if one is a wrongdoer to the other, but the other is not to the former, and they both are responsible to a third person, as between themselves the wrongdoer is responsible for contribution to the other. The test under the circumstances of this case is whether one or both knew that the condition was dangerous. 13 Corpus Juris, 830, § 21; 6 R. C. L. 1054, 1055. If the defendant knew it was dangerous, and plaintiff did not have such knowledge, defendant was a wrongdoer to plaintiff by maintaining the connection. But, if plaintiff also had knowledge of it, they were both wrongdoers to the other, and neither could sue the other for an injury thereby occasioned. No such distinction exists when the injured party was not a participant in the wrongful act, except in a suit between the participants for contribution as in Gobble v. Bradford, supra.

No duty here actionable is therefore proven unless the jury find that plaintiff was not conscious of the danger, and that defendant was conscious of it. Two persons may know the facts and one be conscious of the danger, and the other not, nor negligent in not being. Of the two, one may have technical knowledge which carries an inference of consciousness that the condition is dangerous, and one may be simply a man of ordinary sense and prudence without such knowledge. The latter is chargeable with knowledge of the danger, when he has knowledge of the facts and they are such as are ordinarily sufficient to impress such a man that those facts are dangerous. Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Wal-

ker County v. Davis, 221 Ala. 195, 128 So. 144; 45 Corpus Juris, 947.

We think, therefore, it was in this case a proper matter for the jury to find, whether the plaintiff and the defendant, one or both, had knowledge of the danger, when so considered. True, the issues were not thus submitted to the jury, but the only exceptions here assigned in which that question is involved are in the request for the affirmative charge and the motion for a new trial as contrary to the evidence. Clearly, we think the affirmative charge was not due defendant on that question; neither do we think the judgment should be vacated as contrary to the evidence on the subject. The jury could have found that plaintiff was a man of ordinary intelligence, which did not carry with it a knowledge of the necessity of a ground wire from the switch to make the condition reasonably safe against atmospheric electricity, but that defendant had employees who had knowledge of the dangerous element of the circumstances. Such finding would not have been against the great weight of the evidence nor an unreasonable inference from it. While the trial judge did not charge the jury on those questions, there was no request made of him to do so.

■ The question made the basis of the seventh assignment of error does not, we think, call for a mere opinion, but it is rather a method of inquiring as to the conditions. It impresses us that its effect is to inquire whether a ground wire from the switch at that place would be open to observation, if it were there, so that an electrician would be able to discover it when he installs wires to the switch. Our judgment is that there was no error in overruling the objection.

We do not think the assignments show reversible error in any respect except in the ruling of the court on the motion for a new trial because the damages were excessive in amount, when measured by the rules applicable. Veitch v. So. Ry. Co., 220 Ala. 436, 126 So. 845.

Upon due consideration, our judgment is that the recovery should not exceed $5,000.

The judgment will be affirmed if plaintiff remits the excess within thirty days, and; if not so remitted, it will be reversed and remanded.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN. JJ., concur.