169 So. 229

**AMERICAN SURETY CO. OF NEW YORK v. O'HARA.**

6 Div. 899.

Supreme Court of Alabama.

June 25, 1936.

Harris & Cowherd, of Birmingham, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

B. J. Dryer, of Woodward, for appellant.

GARDNER, Justice.

One Charles W. Davis was deputy sheriff of Jefferson county, and defendant surety on his official bond. He was employed by the Woodward Iron Company as "peace officer." Plaintiff had no connection with that company, nor with Davis, but was on or near the premises on a visit to the home of his niece when Davis ordered him to get in his car, and that he was going to arrest him for being drunk. Davis had his·

pistol, and plaintiff held his hand up in obedience to command. Details may be omitted, but as a result plaintiff received flesh wounds in his legs as a result of pistol shots fired by Davis, and lost time from work.

■ Plaintiff sued the defendant surety alone, which was permissible. Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794. And the proof clearly justified the conclusion that Davis was acting, not merely as an individual, as argued by defendant, but as deputy sheriff and under color of his office. Burge v. Scarbrough, 211 Ala. 377, 100 So. 653.

There were present at the time plaintiff, his wife, and Davis. The latter died before trial, admittedly placing defendant at a disadvantage as to the details, judging from the defense interposed.

■ But this can have no bearing on the question of the admissibility of evidence, and we think it clearly settled under our authorities that plaintiff's wife had no such pecuniary interest in the result of the suit as to disbar her from testifying under section 7721, Code 1923. The following illustrative cases will suffice to sustain this ruling. Croft v. Croft, 219 Ala. 94, 121 So. 82; Meyers v. Meyers, 141 Ala. 343, 37 So. 451; McCall v. Hall, 182 Ala. 191, 62 So. 68; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204; Moore v. Robinson, 214 Ala. 412, 108 So. 233. Nor do we consider that anything said in Marcy v. Howard, 91 Ala. 133, 8 So. 566, cited by defendant, is to be interpreted as in any manner indicating a holding to the contrary.

■■ Counsel for defendant strenuously insist the verdict is excessive, and that on this ground his motion for new trial should have been sustained. Actual monetary loss was comparatively small; that is, loss of time from work and medical expense. There was no permanent impairment, and the major compensatory damages necessarily relate to mental pain and suffering, which element has been given careful consideration by the court after a reading and study of the proof in consultation, and in the light of the rule that such damages are in a "large measure discretionary, within reasonable bounds." Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461, 464. It is to be noted that in a case of this character recovery is confined to damages by way of compensation, and that punitive damages are not here recoverable. Hain v. Gaddy, 219 Ala. 363, 122 So. 329; Giles v. Parker, 230 Ala. 119, 159 So. 826.

■ The verdict against this surety was for the full amount of the bond, and upon due consideration we are persuaded that the proof disclosing an aggravated and inexcusable assault, fully justified punitive damages in the ordinary case, entered into the deliberation of the jury, and had its weight in fixing the amount of the verdict. And such result may have been reached without any conscious violation of duty on the part of the jury, as oftentimes here decided. Jackson v. Roddy, 224 Ala. 132, 139 So. 354; Veitch v. Southern R. Co., 220 Ala. 436, 126 So. 845; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611.

We have carefully considered the proof in the light of the rule by which we are guided in questions of this character, so well understood as to need no repetition here. So considered, we are of the opinion the verdict is excessive. Upon entry within 30 days from this date by plaintiff of a remittitur of all the damages in excess of $1,500, the judgment will be affirmed; otherwise, a reversal will be ordered. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31; Montgomery Light & Power Co. v. Thombs, 204 Ala. 678, 87 So. 205.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.