170 So. 87

## AMERICAN NAT. BANK & TRUST CO. OF MOBILE v. BOYKIN.

I Div. 234.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Gaillard & Gaillard, of Mobile, for appellant.

Inge & Stallworth, of Mobile, for appellee.

BRICKEN, Presiding Judge.

Action by American National Bank & Trust Company of Mobile, a national banking association, against Burwell L. Boykin, for breach of contract.

As originally filed, count 4 of the complaint read as follows:

"Count 4. The plaintiff claims of the defendant the further sum of Five Hundred ($500.00) Dollars, with interest thereon from the 20th day of September, 1932, damages for the breach of an agreement in writing entered into by him on to-wit the second day of January, 1931, with the plaintiff, whereby he undertook, among other

things to take such steps as would be necessary to stop payment of, and save to plaintiff, all State and County taxes that were then due by plaintiff, and plaintiff agreed to pay to defendant thirty-three and one-third (33-1/3) percent of any amount of taxes saved that were then due by plaintiff, all at his own expense. And the plaintiff says that although it has complied with all its provisions on its part, the defendant has failed to comply with the following provisions thereof, viz:

"At the time said contract was made there was then due, or claimed to be due, from plaintiff State and County taxes for the year 1930, and thereafter defendant claimed that he had taken all such steps as were necessary to stop payment of, and save to plaintiff, said State and County taxes, and thereupon plaintiff paid him for his services an amount agreed upon for such services. But plaintiff says that thereafter the Tax Collector of Mobile County, Alabama, presented a bill for said taxes for 1930, demanded payment thereof and threatened to enforce collection thereof; and thereupon it became necessary for plaintiff to take legal action to prevent said Tax Collector from carrying out his threats, and plaintiff thereupon called upon the defendant at his own expense to carry out his contract and take such steps as were necessary to protect plaintiff from being forced to pay said taxes; but defendant refused and failed, to do so. And plaintiff was thereupon compelled to employ attorneys to take such legal action and to pay and did pay such attorneys the sum of Five Hundred ($500.00) Dollars for such services."

The demurrer was sustained as to this count, and it was amended to read as follows:

"4. The plaintiff claims of the defendant the further sum of $500.00 with interest thereon from the 20th day of September, 1932, as damages for the breach of an agreement in writing entered into and accepted by him on to-wit the 2nd day of January, 1931, with the plaintiff, as follows:

"'January 2nd, 1931.
"'Mr. B. L. Boykin, Mobile, Alabama.

"'Dear Mr. Boykin: Pursuant to our verbal agreement, you are hereby authorized to procure for us and/or our stockholders any taxes erroneously or illegally paid and/or due and/or assessed for the current tax year.

"'Said taxes to be either State or County or City.

"'If necessary, you are authorized to bring suit in our name, or proceed in any legal manner to obtain any refund of taxes paid, and/or to stop payment of any taxes now due, and/or to correct any assessments already made or to be made for the current tax year ending September 30, 1931, and December 1, 1931, respectively.

"'For such services we agree to pay you 33-1/3 percent of whatever amount of taxes are refunded, and 33-1/3% of any amount of taxes saved that are now due, and 33-1/3% of any deduction in assessment of taxes for the current year.

"'We agree to allow you access to all of our tax assessments and records, and cooperate with you fully in all proceedings necessary to procure refunds, and/or stop payment of taxes now due, and/or to correct assessments made for the current tax year.

"'It being understood that there will be no expense to us other than the percentage above named, and if you fail in your efforts to procure any refund of taxes paid, and/or stop payment of taxes now due, and/or correct any assessments for the current tax year, then we will not be liable for any attorney fees, court costs or other expenses.

"'Yours truly,
"'American National Bank & Trust Company of Mobile
"'By (signed) H. S. Denniston, Chairman.'

"And plaintiff says that, although it has complied with all of its provisions on its part, defendant has failed to comply with the provisions thereof as follows, namely:

"At the time said contract was made there had been levied by an act of the Legislature of the State of Alabama, entitled: 'An Act in reference to, and to further provide for the general revenue of the State of Alabama,' approved August 22nd, 1923, annual taxes for the purposes there specified against every share of any incorporated bank or banking association incorporated under the laws of this State or any other state, or of the United States, payable by such banks;

"That plaintiff is a corporation organized under the laws of Alabama, under the name of American Trust Company, and thereafter on to-wit January 4th, 1930, converted into a National Banking Association, pursuant to the laws of the United States, under the name of American National Bank & Trust Company of Mobile;

"And that at the time said agreement was entered into there was then due under the terms of said Act, taxes so levied upon the shares of plaintiff corporation for the tax year 1930 to-wit, from October 1, 1929 to November 1, 1930, and thereafter defendant represented to plaintiff that he had taken all such steps as were necessary to stop payment of·and save to plaintiff said taxes, and thereupon plaintiff paid him the amount agreed upon for his services in con-·nection with the aforesaid taxes. But plaintiff says that thereafter the Tax Collector of Mobile County, Alabama, presented a bill for taxes for said year of 1930, demanded payment thereof, and threatened to enforce collection thereof;

"And thereupon it became necessary for plaintiff to take legal action to prevent said Tax Collector from carrying out his threats and plaintiff thereupon called upon the defendant to, at his own expense, carry out his said agreement and take such steps as were necessary to protect plaintiff from being forced to pay said taxes; but defendant refused and failed to do so. And plaintiff was thereupon compelled to employ attorneys to take such legal action and to·pay such attorneys the sum of $500.00 for such services and said amount was a reasonable charge for the services so rendered."

The court sustained the demurrer to count 4 as amended, and it was further amended to read as follows:

"Demurrers numbers 3 and 4 to counts 3 and 4 of the complaint as amended November 19th, 1934, having been sustained, plaintiff amends each of said counts, respectively, by inserting therein after the words 'under the name of American National Bank and Trust Company of Mobile' and before the words 'and at the time said agreement was entered into' the following:

" 'that said annual tax for the then current tax year became due (but not payable) and subject to assessment under said act while plaintiff's corporate name was American Trust Company and the assessment return was made by it on to-wit February 1st, 1930, after it had been converted into a National Banking Association, and became payable on October 1st, 1930, under the terms of the State statutes;' also by inserting in each of said counts, after the words: 'that he had taken all such steps as were necessary to stop payment of and save to plaintiff said taxes,' the following:

" 'by instituting legal proceedings in the District Court of the United States for the Southern District of Alabama against Joseph B. Crow as Tax Collector for Mobile County, Alabama, and obtaining an injunction against him, restraining him from collecting said taxes.' "

The demurrer to count 4 as last amended was overruled. To this count as last amended, the defendant filed a plea that is referred to as the second plea, reading as follows: "For further answer to each count of the plaintiff's complaint, as last amended, the defendant says that in said contract he undertook to procure for plaintiff, a National banking association, and/or its stockholders any taxes erroneously or illegally paid and/or due and/or assessed for the current tax year, either State or County, and the defendant avers that the tax which the plaintiff avers that the defendant failed to take steps to stop payment of and save to plaintiff was the tax on the shares of stock of American Trust Company, a state bank, and the defendant says that he could not legally take steps to stop payment of and save to plaintiff said taxes, and his agreement to do so was, therefore null and void and against public policy."

The demurrer to the second plea was overruled.

The plaintiff filed a replication to plea 2, reading as follows:

"The plaintiff, for replication to the second plea to each count of plaintiff's complaint as last amended, insofar as the same is pleaded to the Counts 3 and 4 of said complaint, says:

"That pursuant to the terms of the contract between plaintiff and defendant set forth as part of each of said counts, the defendant through his Attorneys, Inge, Stallworth and Inge, did institute and conduct a suit by· filing a bill of complaint ·in the Southern Division of the District Court of the United States for the Southern District of Alabama, in Equity, in the name of the plaintiff, but at defendant's expense, and against Joseph B. Crow as Tax Collector for Mobile County, Alabama, and Individually, and against others, and· setting forth among other things that, under color of laws of the State of Alabama, the shares of the capital stock of plaintiff had been illegally assessed for taxes for the State and County tax year beginning October 1, 1929, and ending September 30, 1930,. in the sum of $12,496.31, but which were repugnant to Section 5219 of the Revised Statutes of the United States; that said Tax Collector claimed that such taxes were

unpaid and delinquent, and unless restrained and enjoined said Tax Collector would attempt to collect the same, and the prayer was that said Tax Collector be enjoined from attempting to collect said taxes.

"And plaintiff says that said Joseph B. Crow, Tax Collector aforesaid, had due notice of the filing of said bill of complaint, and duly appeared by his solicitors and made defense thereto; and that upon the submission of said cause for final decree on to-wit November 19th, 1931, it was Ordered, Adjudged and Decreed by said Court, inter alia, that the injunctive relief prayed for be granted and that Joseph B. Crow as Tax Collector for Mobile County, Alabama, his agents, employees and successors in office, be and they were forever enjoined and restrained from collecting, or attempting to collect, by levy or otherwise, any and all taxes of the State of Alabama, or the County of Mobile, for the tax year from October 1929 to September 1930, inclusive; it being further Ordered, Adjudged and Decreed by the Court that all of said taxes, assessments and levies so enjoined are illegal, null and void and in violation of section 5219 of the Revised Statutes of the United States as amended. [12 U.S.C.A. § 548].

"And plaintiff says that by reason of said decree so procured by defendant the invalidity of said State and County taxes for the year beginning October 1, 1929, and ending September 30, 1930, has become res judicata, and is binding upon him; that defendant could and did legally obligate himself to save to plaintiff said taxes under the agreement set forth in said Counts 3 and 4 of the complaint, and that he failed and refused to do so."

A demurrer to the foregoing replication was sustained.

On page 21 of the record, we find the following:

#### "Nonsuit.

"The Court having overruled all demurrers last filed by plaintiff to plea 2 to Count Four of the Complaint as last amended and all demurrers theretofore filed to said plea 2 and later refiled, it becomes necessary for plaintiff to take and suffer a nonsuit, and the plaintiff now by reason of such adverse ruling takes an involuntary nonsuit and prays that such adverse ruling may be reserved for decision of the Appellate Court by appeal on the record as in other cases."

The judgment entry reads as follows: "This cause having been regularly set for trial on this day, and came the plaintiff and defendant in open Court by their attorneys, and the plaintiff having filed in Court on this day an involuntary non-suit, on account of adverse rulings of the Court, the plaintiff thereupon in open Court on this day takes an involuntary non-suit on account of the adverse rulings of the Court.

"It is therefore, ordered and adjudged by the Court that the defendant go hence without day and have and recover of plaintiff all costs in this cause created, for recovery of which, let execution issue."

As we understand the record, the plaintiff took a nonsuit because the plaintiff's demurrer to plea 2 was overruled.

As we construe the contract between Mr. Boykin and the bank, Mr. Boykin was authorized to undertake to obtain a refund of any taxes illegally or erroneously paid. He was also authorized to obtain relief for the bank and its stockholders from taxes erroneously or illegally claimed to be due, or erroneously or illegally assessed for the current tax year. We do not find any obligation on Mr. Boykin to do those things, but authority to proceed, coupled with a promise that if he was successful he was to be paid the amount stipulated for his services, coupled with the further provision that if he failed in his efforts, then the bank was not liable for any expense there might be connected with the undertaking.

The gravamen of the charge in count 4 of the complaint, as we understand it, is that the defendant represented to the plaintiff that he had taken the necessary steps to obtain relief for plaintiff from an assessment levied upon the shares of the plaintiff corporation for the tax year 1930, beginning on, to wit, October 1, 1929, while the plaintiff was an Alabama banking corporation, organized under the name of the American Trust Company, which was subsequently converted into a national banking association under the laws of the United States, under the name of the American National Bank & Trust Company of Mobile, and that thereupon the plaintiff paid the defendant the amount agreed upon for his services in connection with that matter, and that thereafter the tax collector of Mobile county presented a bill for such taxes and demanded payment thereof and threatened to enforce collection thereof. That thereupon it became necessary for the plaintiff to take legal action to obtain relief from

the attempt to collect the taxes; that the defendant refused, after demand, to take such steps as were necessary to relieve the plaintiff from the taxes that the tax collector was attempting to collect.

As we see the case, the plaintiff has misconceived its remedy. If there was no obligation on Mr. Boykin to obtain relief for the plaintiff against the taxes it was claimed were due or assessed, but only a privilege on his part so to do, coupled with a promise to pay him in event he undertook to exercise the privilege, then manifestly he could not be held in an action for a breach of contract for failure to obtain relief from those taxes. A failure of relief would not constitute a breach of contract, because he was not originally obligated to obtain relief. If he obtained money from the bank by falsely representing that he had taken all steps necessary to obtain relief from the taxes claimed, the bank might have appropriate action, but it would not be for breach of contract.

In reviewing the ruling on the demurrer to plea 2, we are, of course, limited to the grounds of demurrer interposed to said plea. We are not called upon to pass upon the sufficiency of the plea, except in so far as its sufficiency is challenged by apt grounds of demurrer. We have carefully considered each ground of demurrer interposed to the plea, and we are unable to say that the plea was subjected to any ground of demurrer interposed, however defective it might be otherwise.

Section 9479 of the Code provides: "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

This section was designed to prevent vague and indefinite grounds of demurrer. Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424.

The decisions of the Supreme Court of this state require very strict observance of the ruling announced in this section. Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393.

It has been repeatedly ruled that the court's consideration is limited to the grounds of demurrer distinctly stated, and it will not consider the sufficiency of the pleas against a ground not specified in the demurrer. Fruitticher Electric Co. v. Birmingham Trust & Savings Co., 201 Ala. 676, 79 So. 248. Although a plea may contain other defects, only those stated in the demurrer may, in view of this section, be considered. Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.