32 So.2d 379

## BIRMINGHAM ELECTRIC CO. v. ECHOLS.

6 Div. 641.

Supreme Court of Alabama.

Oct. 30, 1947.

Lange, Simpson, Robinson & Somerville, of Birmingham, for petitioner.

G. R. Harsh and O. B. Hall, both of Birmingham, for respondent.

BROWN, Justice.

The only point presented in argument relates to the sufficiency of count 2 of the complaint in F. E. Echols' case, which ascribes the injury and damage to the wanton conduct of "a servant or agent of defendant acting within the line and scope of his authority as such servant or agent." The defect appears in the second paragraph of said count, and the defects are that said paragraph does not aver that said "servant or agent" was in charge of the street car and the averments of said count are inconsistent with the inducement which avers plaintiff was riding in the automobile, while said paragraph avers that plaintiff was riding in the street car. This omission and inconsistency rendered said count subject to appropriate grounds of demurrer.

Petitioner insists here that grounds 7, 16, 17 and 22 point out said defects. We concur in the holding of the Court of Appeals that said grounds were too general and were not sufficient under

the statute to direct the attention of the adverse party or the court to such defects. Code 1940, Tit. 7, § 236; Housing Authority of Birmingham District v. Morris, 244 Ala. 557, 14 So.2d 527. As to said count the court charged the jury: "The second count of the complaint is, in substance, the same as the first, except that it charges a higher degree of wrong than simple negligence. In the second count of the complaint the plaintiff charges—claims that the defendant's motorman wantonly injured the plaintiff by wantonly running a street car against the truck that the plaintiff was driving, and that his injury and damage was proximately caused by the motorman's wanton conduct."

There is no exception to this interpretation of said count by the defendant nor was there any mention of this defect in the motion for new trial. Based on these and other facts stated in the opinion of the Court of Appeals, said court applied the doctrine of error without injury. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas. 1917D, 929. And we have consistently refused to review the Court of Appeals in the application of that doctrine in the absence of a statement of all pertinent facts disclosed by the record. Campbell v. State, 216 Ala. 295, 112 So. 902.

The writ of certiorari is denied and the petition is dismissed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.