37 So.2d 912

### LOUISVILLE & N. R. CO. v. NOLEN.

#### 4 Div. 495.

Supreme Court of Alabama.

Dec. 16, 1948.

446

Powell, Albritton & Albritton, of Andalusia, for appellant.

E. O. Baldwin and Jas. M. Prestwood, both of Andalusia, for appellee.

BROWN, Justice.

This is an action of trespass on the case by appellee Nolen against the appellant Louisville & Nashville Railroad Co., a corp., claiming damages in consequences of the demolition of plaintiff's truck which when struck was standing with its hind wheels between the rails on a public road crossing near Wald in Butler County, Alabama. The trial resulted in a verdict for the plaintiff assessing the damages at $1500 followed by judgment on the verdict of the jury from which the defendant has appealed.

Both of the counts are in case. Said counts ascribe plaintiff's damage to the negligence of defendant's servants, agents or employees while acting within the line and scope of their employment in the first count and in the other—the second count—to the wanton and wilful conduct of defendant's agents or servants while acting within the scope of their employment in the management of the locomotive. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469. Such count to withstand appropriate demurrer must by averment of facts in the inducement show a duty of the defendant to the plaintiff and a breach of the duty, which breach may be stated as a conclusion. Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Leach v. Bush, 57 Ala.

145; Mobile & O. R. Co. v. George, 94 Ala. 199, 10 So. 145.

There is an absence of averment in both of said counts, showing how or in what circumstances or by whom or for what purpose, the plaintiff's truck was brought within the sweep of the locomotive.

The defendant demurred to each of the counts of the complaint on the following grounds: "Said complaint states no cause of action. Said complaint is so vague, indefinite and uncertain that it fails to apprise the defendant of the cause of action it is called upon to defend. It affirmatively appears from the allegations of said complaint that plaintiff's damage as alleged was caused by his own negligence. * * *"

The writer is of opinion that the grounds of demurrer were well taken, and error was committed by the court in overruling the demurrer. Alabama Baptist Hospital Board v. Carter 226 Ala. 109, 145 So. 443, and authorities there cited.

The majority of the justices concurring, however, are of opinion that the grounds stated are too general to put the court in error for overruling the demurrer. Code of 1940, Tit. 7, § 236; Deslandes v. Scales, 187 Ala. 25, 65 So. 393; American Nat. Bank etc. v. Boykin, 27 Ala.App. 249, 170 So. 87; Allison v. Fuller-Smith & Co., 20 Ala.App. 216, 101 So. 626; Birmingham Electric Co. v. Echols, 249 Ala. 589, 32 So.2d 379; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399.

The case was submitted to the jury on testimony adduced by the plaintiff and at the conclusion of the plaintiff's evidence both the plaintiff and the defendant rested and the defendant requested the general affirmative charge in writing and like charge as to the separate counts in proper form.

The testimony is without dispute, except as to two incidents, to be hereafter noted, not material, in determining the right of the defendant to the affirmative charge. The testimony shows that the public crossing was not on a curve but was on a straight section of track and the crossing

was open to observation for a quarter of a mile. Just about dawn on the morning of May 20, 1946, the plaintiff's truck in the possession of his son was driven upon the railroad track and stalled thereon an hour before the train reached the crossing. After making some effort to extricate the truck from its position where it was stalled with the hind wheels between the rails and one of the front wheels dropped off and resting on the end of a culvert, the plaintiff's son went to a residence on the hill about a quarter of a mile away to obtain the assistance of someone to help him extricate the truck from its imperiled position on the railroad tracks. The evidence is without conflict that the driver of the truck did not seek assistance until he heard the train blowing in the distance. He obtained the assistance of the witness Williams, who brought his car down and fastened it to the truck with a chain and made an attempt to extricate the truck from the track, making only one pull on the truck when he advised the driver of the truck to proceed up the track toward the train and attempt to flag the train. Williams testified that the driver, a young man, went up the track south, the direction from which the train was approaching 200 yards away. The driver testified that he went up the track 39 rail lengths, the rails being 39 feet in length. That he pulled off his undershirt and went up the middle of the track flagging the train with his undershirt and when he got to the point where he had to leave the track, enginemen recognized his presence there and gave three short blasts of the whistle and applied the brakes. He also stated that after he left the tracks in front of the engine it appeared to speed up. The train came to a stop one car length and the length of the engine from the crossing after it had passed over the crossing and hit the truck and demolished it. The evidence is without dispute that the whistle on the locomotive as it approached the crossing was blown and signals given at short intervals.

The evidence goes to show that the train reached this point just at the "crack of day." The only other point of conflict in the testimony, other than that above noted between the witnesses Williams and young Nolen (the driver of the truck), is that there was evidence going to show that in the road on which the truck was being driven when it passed over the track, there was a steep hill, a short distance from the railroad right-of-way; that it had been raining and this hill was very slick, and there was evidence tending to show that the driver had backed the truck up on the track after he passed over it in order to speed it up to climb the hill and this had been repeated until the truck became stuck in between the rails.

When the plaintiff rested, the defendant requested the written charges above stated, and called attention of the court to the want of evidence showing that the train colliding with the plaintiff's truck was operated by the defendant railroad company. The court at plaintiff's request, reopened the case, over defendant's objection, and plaintiff took the stand and testified that the defendant operated railroad lines both in Butler and Covington Counties, and again rested.

The defendant renewed its request for the affirmative charges in writing, which was refused. In refusing said charges the court erred. The plaintiff had the burden of proof to show to the reasonable satisfaction of the jury that the instrumentality which caused the damage was operated by the agents and servants of the defendant, acting within the scope of their employment. Levans v. Louisville & Nashville R. Co., 228 Ala. 643, 154 So. 784.

For the errors noted other than the ruling on demurrer the judgment is reversed and the cause is remanded.

Reversed and remanded.

FOSTER, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.