84 So.2d 785

**Ola Mae BRYSON**

v.

**STATE.**

**8 Div. 820.**

Supreme Court of Alabama.

Oct. 13, 1955.

Rehearing Denied Feb. 2, 1956.

Bradshaw, Barnett & Haltom, Florence, for petitioner.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Ola Mae Bryson was convicted in the circuit court of Lauderdale County of manslaughter in the first degree.

The judgment of conviction was affirmed by the Court of Appeals.

On July 15, 1955, during the Special Term, Ola Mae Bryson filed in this court her petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals. The petition was accompanied by brief.

The Attorney General on August 2, 1955, filed brief in opposition to the petition for writ of certiorari.

Thereafter on August 4, 1955, the writ of certiorari was issued in compliance with an order of this court and the Clerk on the same day wrote counsel for Ola Mae Bryson and the Attorney General as follows:

"Upon a preliminary consideration of the Petition for the Writ of Certiorari to the Court of Appeals of Alabama and of the Briefs in support

thereof, this Court concluding that there is a probability of merit in the petition and that the Writ should issue,

" 'It is hereby ordered that the Writ issue, of which due notice shall be given by the Clerk of this Court to the parties or their counsel, and the case shall stand for submission on briefs, and likewise oral argument, if so desired, as provided by Rule 39 of the Revised Rules of the Supreme Court of Alabama.' "

Rule 39 of the Revised Rules of this court, in pertinent parts, reads:

" * * * If the court, upon preliminary consideration, concludes that there is a probability of merit in the petition and that the writ should issue, it shall be so ordered, of which due notice shall be given by the clerk to the parties or their counsel, and the case shall stand for submission, as hereinprovided, on briefs and likewise oral argument if so desired. If oral argument is desired by petitioner, statement to that effect shall be filed with the clerk by petitioner within ten days after service on petitioner of the notice of issuance of the writ. If oral argument is desired by respondent, then he or his counsel shall, by endorsement on the last page of his brief, so state his desire. If neither party shall thus indicate a desire for oral argument, the clerk of this court shall, when briefs from all parties have been filed with him as herein provided, immediately submit the case in term time upon the transcript and such briefs. If either party shall have made known a desire for oral agrument, the clerk of this court shall endorse that fact on the proper docket and set the case down for oral hearing not less than ten days after notifying the parties, or their attorneys of record, in writing of such setting. Cases so set for oral argument shall be heard on the day set unless continued by the court for good cause shown.

"Respondent's brief shall be filed with the clerk of this court within fifteen days after service on respondent of the notice of the issuance of the writ, and if not filed within that time, or within any extended time, the cause shall stand ready for submission."

On August 12, 1955, petitioner filed what is styled a reply brief but made no request for oral argument.

On August 25, 1955, during the Special Term, the cause was submitted on briefs, inasmuch as neither the petitioner nor the State requested oral argument in the manner and within the time prescribed in Rule 39, supra.

■ Following the adoption of Supreme Court Rule 45, Code 1940, Title 7, Appendix, substantial error is not presumed, but the burden is upon the appellant to show error, and before a reversal of the judgment is to be had it must appear to the appellate court that the error complained of has probably "injuriously affected substantial rights of the parties", to use the language of the rule. Kabase v. State, 244 Ala. 182, 12 So.2d 766; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Lakey v. State, 258 Ala. 116, 61 So.2d 117.

■ The Court of Appeals applied the doctrine of error without injury in disposing of the insistence that the trial court erred in not granting the defendant's motion for a mistrial because Mr. Potts, one of the solicitors for the State, said: "We didn't know him, didn't know where he was or what his name was" after the court had made the statement: "When a witness is available to either side, you can't comment on it." The court's statement was by way of sustaining the following objection interposed by counsel for the defendant: "The defendant objects to the argument of the attorney [Mr. Potts] 'Where is Dodie?', and move to exclude it on the ground that he is just as available to the State as to the defendant."

We have consistently refused to review the Court of Appeals in the application of

that doctrine in the absence of a statement of all pertinent facts disclosed by the record. Birmingham Electric Co. v. Echols, 249 Ala. 589, 32 So.2d 379; Campbell v. State, 216 Ala. 295, 112 So. 902; Grant v. State, 235 Ala. 663, 180 So. 333. We are unwilling to hold from the facts as set out in the opinion presently under review that the Court of Appeals erred in applying the doctrine of error without injury. Moreover, we are of the opinion that any injurious effect which the statement may have caused could have been eradicated by corrective action by the court, but the defendant did not request such action prior to making the motion to declare a mistrial.

Counsel are allowed considerable latitude in drawing their deductions from the evidence. Arant v. State, 232 Ala. 275, 167 So. 540. And the propriety of argument of counsel to the jury depends upon the particular issues, facts and atmosphere of each case. Bell v. State, 227 Ala. 254, 149 So. 687. We are in accord with the holding of the Court of Appeals that under the facts of this case the trial court did not err in overruling the defendant's objection to the following argument made by the solicitor: "J. B. Bryson, the deceased, did not have an opportunity to have a trial before a jury like you good men." As pointed out, that was a necessary conclusion from the evidence. The argument is not unlike that which the Court of Appeals held did not transcend the limits of permissible argument in Polk v. State, 31 Ala. App. 473, 18 So.2d 698, 700, which case is cited in the opinion here under review. The statement of the solicitor there considered was: "'The defendant gave the deceased the same deal that they gave the boys at Pearl Harbor'".

After more careful consideration, it is our studied opinion that the judgment of the Court of Appeals should be affirmed. It is so ordered.

Affirmed.

All the Justices concur.