HARRIS, Presiding Judge.
Appellant was indicted and convicted of trafficking in cannabis in violation of § 20-2-80(1), Code of Alabama 1975. Sentence was set at nine years imprisonment and a $25,000 fine assessed.
The State’s first witness was Deputy Michael Martin of the Talladega County Sheriff’s Department. Deputy Martin testified that, on March 5, 1981, he and two other officers were dispatched to a rural Tallade-ga County residence to apprehend a juvenile who had escaped from a juvenile detention home in Florida. The juvenile told the officers that two men had given her a ride from Florida and were presently parked at a nearby store. The two men were appellant and Robin Pauli, a friend of the appellant.
The officers decided to talk with the men and question them about a pistol the juvenile had allegedly stolen. The officers found the car parked in the store parking lot. As the officers talked with Robin Pauli in the parking lot, appellant walked out of the store. The officers asked the two men if they had seen a pistol and the men replied that they had not. One of the officers asked who owned the car and appellant replied that the car belonged to him. Deputy Martin’s partner, Deputy Willard Hurst, then asked appellant if he could search the car for the pistol. Appellant gave his verbal approval and agreed to sign a written search consent form. As Deputy Hurst was writing out the form, Pauli told Deputy Martin that there was marijuana in the car. Pauli then opened the car door, retrieved a paper sack filled with bags of marijuana and handed the drugs to Martin.
Deputy Willard Hurst corroborated Deputy Martin’s story. Deputy Hurst also testified that, after Pauli handed over the marijuana, Hurst arrested the two men and read them their rights. After they were asked if they understood these rights and if they wished to talk; the two men stated that they wished to talk with the officers. Appellant told Deputy Hurst that the marijuana was jointly owned by the two men, each owning one-half. Appellant was asked if he had hidden any marijuana behind the store as the officers drove up. Appellant, after responding that he hajd, walked behind the store and returned with a small bag of marijuana.
After the men were driven to the Tal-ladega County Jail, Deputy Hurst again read appellant his rights. Appellant then signed a “waiver of rights” form, stated he understood the rights, and asked to make a statement. In the statement, appellant told Deputy Hurst that, while in Florida, the two men bought two pounds of marijuana in addition to a quarter, pound and seven bags they already had. After buying the drugs, the two men agreed to drive the juvenile to Talladega. Appellant admitted in his statement that he gave the officers permission to search the car. He further admitted hiding the small amount of marijuana.
The state then established a chain of custody of the marijuana found in the car. The marijuana ultimately ended up in the lab of David Thorn of the Department of Forensic Sciences. Mr. Thorn testified that the paper sack contained 2.84 pounds of marijuana.
After the state rested, appellant called Robin Pauli to the stand. Pauli stated that he bought the marijuana alone while appellant was at a girl friend’s house. Pauli also testified that appellant never knew of the presence of marijuana in the car.
On cross-examination, Pauli admitted that he and appellant had spent the night while in Talladega with a Randy Thrower. He also admitted that, notwithstanding his contrary testimony during direct examination, Thrower was in the car with them just prior to their arrest. Pauli further admitted that he and appellant had driven the owner to a bank so that Thrower could cash a check. • However, he denied selling Thrower an ounce of marijuana in the presence of appellant, and he denied making a statement to that effect to Deputy Hurst.
*181 Appellant then took the stand for his own defense. Appellant admitted hiding a small amount of marijuana he had in his possession before his arrest, but denied even knowing of the paper sack of marijuana Pauli turned over to the officers.
On cross-examination, appellant admitted staying at Thrower’s house while in Tal-ladega. This admission conflicted with appellant’s assertion on direct that he had slept in his car while in Talladega. Appellant also admitted claiming one-half ownership of the marijuana when he was arrested. Finally, appellant admitted riding with Pauli and Thrower to a Talladega bank while Thrower cashed a check.
Appellant rested and the state called Randy Thrower as a rebuttal witness. Thrower testified that the two men asked if he knew anyone who would be interested in buying various drugs in Talladega. He also stated that he struck a deal to buyan ounce of marijuana for $30. Although Thrower negotiated the price with Pauli, the conversation was conducted in appellant’s ear and in appellant’s presence. Pauli was in the driver’s seat and appellant was in the front passenger’s seat.
Deputy Hurst was recalled to the stand. Deputy Hurst testified that Pauli while giving the statement told him that Thrower had bought an ounce of marijuana for $30.
Appellant raises two issues on appeal, neither of which has any merit.
Appellant first contends that the state failed to prove a prima facie case of possession.
The three elements essential for proof of possession of contraband are: (1) actual or potential control, (2) intention to exercise dominion, and (3) external manifestation of intent and control. Cook v. State, Ala.Cr.App., 341 So.2d 183 (1976). The state may prove constructive possession, but must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the prohibited substance Coleman v. State, Ala.Cr.App., 394 So.2d 82 (1981).
The record amply establishes prima facie proof of all of these elements. Appellant admitted owning the car where the contraband was found. Appellant admitted hiding marijuana before the arrest. He admitted telling the officers when he was arrested that one-half of the marijuana was his. In his statement to Deputy Hurst, appellant further stated he and Pauli bought two pounds of the seized marijuana while in Florida. Finally, Randy Thrower testified that he gave Pauli $30 for one ounce of marijuana in appellant’s presence. Pauli stated the same to Deputy Hurst. The fact that Pauli and appellant denied part of this on the stand was a question for the jury. Lee v. State, Ala.Cr.App., 350 So.2d 743 (1977).
Appellant’s other contention is that the trial court improperly allowed hearsay evidence to be introduced. Specifically, appellant contends that Deputy Hurst should not have been allowed to testify that Pauli had told him while giving a statement that he sold Randy Thrower an ounce of marijuana for $30. The record shows that Pauli, after being asked if he had made such a statement to Deputy Hurst, denied that he had. After this denial, Deputy Hurst was recalled as a rebuttal witness and testified Pauli had made such a statement.
The general rule is that a witness, who on cross-examination denies making a statement of material fact, may be impeached by use of another witness to whom the inconsistent statement was made. To introduce such a statement a predicate must be laid. Gray v. State, 56 Ala.App. 131, 319 So.2d 750 (1975); Bryson v. State, 38 Ala.App. 517, 84 So.2d 782, affirmed Ala. 264 Ala. 111, 84 So.2d 785 (1956). We believe by asking Pauli if he told Deputy Hurst that he had sold the marijuana, and by Pauli’s denying making the statement, a proper predicate was laid to call Deputy Hurst for impeachment purposes. Gray, supra. The testimony was material in that it tended to show that appellant was aware of the presence of marijuana.
The sufficiency of the evidence is not presented to us for review. There was no *182 motion to exclude the State’s evidence assigning specific grounds; there was no request for the affirmative charge; no exceptions were reserved to the oral charge of the court; no motion for a new trial was filed; and there were no adverse rulings of the trial court on the admission of any evidence which contained merit. Alabama Digest, Criminal Law, Key No. 1063(1).
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.